# F. W. Cook Brewing Company, Appellant, v. Mary Goldblatt et al., Appellees.

1. APPEAL AND ERROR, § 1361*—*when not error to permit filing of additional pleas at time of trial.* In an action on a guaranty contract, *held* not error for court to permit the defendant to file a plea of *non est factum* after the trial had begun, where the request to file such plea was not made until after plaintiff, by leave of court, had filed an additional count to his declaration.

2. APPEAL AND ERROR, § 1361*—*when not error to permit defendant to file additional pleas.* The right to file additional pleas is a matter in the discretion of the trial court, and unless the court has abused this discretion it is not error to permit such pleas to be filed.

3. GUARANTY, § 22*—*what questions relating to alteration of contract are for court and jury.* In an action on a guaranty contract, where the defense is that there was a material alteration of the contract by the attachment of a rider thereto after the contract was signed by the defendants, *held* on conflicting evidence that the question whether a rider was attached before or after the contract was signed was for the jury, but the question whether the attachment of the rider after the contract was signed was such a material alteration as will avoid the contract is for the court.

4. GUARANTY, § 37*—*when instruction erroneous as submitting a question of law.* In an action on a guaranty contract, where the defense is that there was a material alteration of the contract by the attachment of a rider thereto and also the filling in of blanks in the contract after it was signed by the defendants, an instruction submitting to the jury the question whether there was an alteration of the contract, *held* erroneous as submitting to the jury a question of law, where under the instruction, the jury might have determined that the filling in of the blanks constituted a material alteration.

5. GUARANTY, § 22*—*when filling in blanks not an alteration of contract.* Where a party signs a contract of guaranty in blank and delivers it, the party to whom it is delivered has the right to fill in the blanks, and by so doing he does not alter the contract if he filled the blanks in accordance with the agreement of the parties.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed October 16, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

GILLESPIE & FITZGERALD, for appellant.

JOHN G. FRIEDMEYER and STEVENS & HERNDON, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff brings this action against defendants upon an alleged contract of guaranty whereby it is claimed defendants guarantied the financial responsibility of Joseph Goldblatt according to an agreement entered into between Goldblatt and plaintiff whereby plaintiff contracted to sell the products of its brewery to Goldblatt exclusively in Springfield, Illinois, and by which agreement plaintiff sold its beer to Goldblatt at certain stipulated prices on the conditions named in said agreement.

The alleged contract of guaranty upon which this action is based guaranties the payment by Goldblatt for all the products of plaintiff's brewery bought by him.

To the declaration as originally filed by plaintiff, defendants pleaded only the general issue, afterwards by leave of the court, one additional count was filed, after the case had been called for trial and after plaintiff had filed the additional count, defendants obtained leave to file a plea of *non est factum*. The trial resulted in a verdict and judgment for defendants, from which judgment plaintiff prosecutes this appeal.

Appellant insists that the court erred in granting leave to defendants to file the plea of *non est factum* after the trial had begun. This request to file this plea was not made until after the additional count to the declaration had been filed by plaintiff; the filing of this additional count gave to the defendants the further right to plead as they had the right to set up any matter after the filing of this additional count that they might see fit that would be a proper defense to this action. But notwithstanding defendants might do this

as a matter of right, the right to file additional pleas is a matter in the discretion of the trial court, and unless the court has abused this discretion it is not error to do so. The court properly permitted this plea to be filed.

The evidence is conflicting as to whether or not the contract of guaranty, which is partially written and partially printed, had the blanks which are now filled with writing filled in at the time the contract was signed by all the sureties. Dr. Compton, one of the defendants, testifies that none of those blanks were filled in at the time he signed the contract.

The only defense offered to this action is that the contract made with Goldblatt which these defendants guarantied should be performed by Goldblatt was changed and a material alteration made therein after it was signed by the defendants. The evidence discloses that the contract between Goldblatt and the contract of guaranty are all upon a single sheet of paper, and the defendants insist that when they signed this contract of guaranty it consisted of but the one single sheet of paper.

As the contract now appears in the record it has pasted thereto a slip of paper which is designated as a rider. This rider is in the following language:

"Springfield, Ill., August 26, 1910. The sureties on this bond hereto attached agree that the above bond shall cover the amount of beer, on hand at Springfield, August 15, 1910, and a car of beer shipped from Evansville, Indiana, August 13, 1910, the cash net value of the same amounting to $1,289.57, the cases and bottles belonging to the F. W. Cook Brewing Company, the above being the correct amount. Signed:

F. W. COOK BREWING COMPANY,

By EDW. R. PREGLER.

JOSEPH GOLDBLATT."

The contract without this rider only guarantied the payment of the accounts of Goldblatt with the plaintiff which might accrue after the date of that contract,

August 26, 1910, and the defendants insist that the attaching of this rider to the contract, whereby it rendered them liable not only for future shipments of beer to Goldblatt but also for that that had been shipped to him on August 13th and August 15th as stated in this rider, and that by attaching this rider to the original contract the plaintiff made such a material alteration in the contract of guaranty that it avoids the contract which they did sign. Plaintiff, on the other hand, insists that the rider was fastened to and made a part of this contract of guaranty before it was signed by the defendants. The evidence upon this question is very conflicting and it is impossible to reconcile it; it became and was a question for the jury to determine whether the rider was attached before or after the contract was signed by the defendants, and that question must be left to the jury under proper instructions by the court.

If this rider was attached before the contract was signed then the defendants are liable, if it was not so attached then the attaching of it to the contract was such a material alteration as will avoid their contract and they cannot be held liable thereunder. The question as to whether or not the rider was attached before or after the signing of the contract was, as above stated, a question for the jury, but the question as to whether or not the attaching of the rider, if it was attached after the contract was signed, was such a material alteration as will avoid the contract is one for the determination of the court and not for the jury. The court, however, gave to the jury on behalf of the defendants the following instruction:

"The court instructs the jury that if you find from a preponderance of the evidence that said contract between Goldblatt and said brewing company had been materially altered, changed or added to since the signing of the said contract of guarantee by the defendants herein without the knowledge or consent of said defendants and that said defendants have not acquiesced

in any such alteration, change or addition, if any, then you should return a verdict for the defendants.''

If the defendant Compton had not testified that no blanks in the contract were filled at the time he signed it, then the only question as to the material alteration in this contract would be whether the rider was attached before or after the contract was signed, and the only question that should properly have been submitted to the jury was whether or not this rider was so attached, and if it was so attached, the question of its materiality was for the court and not for the jury. If the jury did determine in their deliberations that the rider was attached after the contract was signed by the defendants then they must also have determined that there was a material alteration, and if there had been no evidence of any other additions to this contract we would be inclined to hold that the giving of this instruction was not error, but with the evidence of Compton that no blanks were filled at the time the contract was signed, the question as to a material alteration of the contract was not alone with the attaching of the rider so far as the submitting of the question to the jury was concerned, although they might have found in their deliberations that the rider was attached when the contract was signed they might under this instruction have determined that the filling in of the blanks, if they believed they were filled in after the contract was signed, was a material alteration of this contract, while the law is that if the party signs a contract of this character in blank and delivers it, the party to whom it is delivered has the right to fill in these blanks, and by doing so he does not alter the contract if he filled the blanks in accordance with the agreement of the parties. By giving this instruction to the jury the court submitted to it a question of law, and the judgment must therefore be reversed and the cause remanded. The judgment is reversed and the cause remanded.

*Reversed and remanded.*