The Fisk Tire Company, Inc., Appellant, v. Lillian E. Burmeister, Appellee.

Opinion filed February 1, 1929.

W. J. MacDonald, T. S. Morgan and John K. Lord, Jr., for appellant.

Louis Beasley and Edward C. Zulley, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant sued on a written guaranty, the printed portion of which is as follows: "I hereby guarantee, unconditionally, to the Fisk Tire Company, Inc., a New York corporation, the full and prompt payment at maturity of all invoices that it has now rendered, or may hereafter render against.....................
..............................................
for merchandise furnished or to be furnished, and all notes and renewals given on account thereof, hereby waiving notice to me of the acceptance of this guaranty, and of delivery of all materials and waiving notice of default in payment; and in the event of the failure of the said...............................
...............................................
to pay any such invoices or notes when due and matured, acknowledge myself liable and agree to pay same upon demand, as though the materials had been purchased and invoiced to me for my own account; this guaranty being given for and in consideration of

one dollar and other valuable considerations, the receipt whereof is hereby acknowledged.

"This guaranty to be and remain in full force and effect until I serve you with written notice by registered mail addressed to the Fisk Tire Company, Inc., Chicopee Falls, Massachusetts, of my intention to cancel same not less than ten days from date of mailing said notice.

"Witness my hand and seal this ........ day of ............ A. D. 192...

At ..................................

.................... (Seal)

.................... (Seal)"

Appellee filed a special plea to the effect that appellant obtained the said writing from her by fraud and circumvention; that on November 18, 1926, she was suffering from a nervous breakdown and that appellant's agent came to her home while she was sick in bed and presented to her a printed form containing certain blank spaces; that the said agent then represented to her that he desired her to guarantee the account of Frank B. Burmeister, doing business as the Burmeister Tire Company, in the sum of $400; that appellee examined the printed form and told the said agent that she would not guarantee the account for any amount in excess of $400; that the said agent did not then and there fill in the said blank spaces in the printed form but he then and there represented to her that he would return to the office of appellant and would then and there fill in said blanks in accordance with the agreement between appellee and the said agent that is, so that appellee's liability under said contract would be limited to the sum of $400; that she relied upon the representations of the said agent to fill in said blank spaces in the printed form so that her liability would be limited and fixed in the said contract at the sum of $400, and so relying thereon she executed the said guaranty in blank, etc.

Appellant joined issue on the said special plea and by so doing admitted that it was sufficient in law, if proven, to bar the action. Appellee testified that when the said guaranty was presented to her it was the blank form hereinabove quoted; that at the time she signed the same none of the blanks had been filled in; that she told the agent of appellant she would only guarantee the account to the amount of $400; that she told him she would not sign it except it was so written and that the agent told her he would have it put in that way. She says that thereupon she signed her name to the blank printed form and that she never saw the writing again until she went to appellant's St. Louis office in the early part of November, 1927, after she had received a letter from appellant demanding payment. She says that she was then shown the contract and that she told the manager that the blanks had not been filled in accordance with the agreement; that the agreement was that her liability was to be limited to $400.

The contract as offered in evidence contains in the first blank the following: "Burmeister Tire Co., 1126 N. 15th St., East St. Louis, Illinois, or Frank B. Burmeister, of same address." In the second blank the following appears: "Burmeister Tire Company, or Frank B. Burmeister." The date was also inserted as the 18th day of November, 1926.

If the testimony of appellee is true, no valid or binding contract was entered into at the time she signed the blank printed form unless it was afterwards filled out in accordance with the agreement between her and appellant's agent. Her testimony is in effect that she gave the agent express authority to fill the blanks in the contract in such a way as to limit her liability to $400. Where express authority is given to fill blanks left in an instrument in one respect only, that authority must be pursued, and no other can be exercised. 2 C. J. 1244; I. R. C. L. 1017. Where a party signs a contract of guaranty in blank and delivers it, the party

to whom it is delivered has the right to fill in the blanks, and by so doing he does not alter the contract if he filled the blanks in accordance with the agreement of the parties. *Cook Brewing Co. v. Goldblatt,* 184 Ill. App. 266. We are of the opinion that the evidence on behalf of appellee supports her special plea.

Appellant contends that the court erred in admitting parol evidence of the agreement between appellee and appellant's agent at the time she signed the blank printed form. The rule that contemporaneous oral statements cannot be held to alter or vary the terms of a written instrument presupposes execution and delivery of the writing with intent to bind the parties by its terms. *Kilcoin v. Ortell,* 302 Ill. 531. According to the testimony of appellee the writing she signed, in the condition it then was, was not a contract. It was intended to become a contract, so far as she was concerned, when appellant's agent had written in such language as would limit her liability to $400.

Appellant contends that it is utterly unreasonable to believe that appellee's testimony is true; that she knew that the word "unconditionally" was in the contract and that it would be necessary to write an entirely new contract if the agreement were such as testified to by appellee. In this, we think, counsel are mistaken. The blank printed form is an absolute continuing guaranty and unlimited as to the amount of the liability. Appellee's contention is that her liability was to be limited to $400. If the words "to the amount of $400.00" were inserted after the words that were inserted in the first blank, the contract would still be an absolute continuing guaranty but would be limited in amount to $400. *Taussig v. Reid,* 145 Ill. 488.

No other complaint is made as to the admission or exclusion of evidence or as to the giving or refusing of instructions. While appellant's agent testified that the blanks in the printed form were filled in as they now appear before appellee signed the instrument, yet

it was a question of fact for the jury to decide as to who was telling the truth about that matter. While counsel on either side speak of the special plea as one of fraud and circumvention, we are satisfied that it has not been properly named. It is really a plea to the effect that appellee never executed the contract in its present form. Appellant says that the court erred in permitting her to deny the execution of the instrument as she had not filed a verified plea. No objection of that kind was interposed during the trial.

Under the law and the evidence we would not be warranted in disturbing the finding of the jury. The judgment is affirmed.

*Affirmed.*