375 F.2d 97
 4 UCC Rep.Serv. 36
 ASSOCIATES DISCOUNT CORPORATION, an Indiana corporation,
Plaintiff-Appellant,
v.
ELGIN ORGAN CENTER, INC., an Illinois corporation, Walter E.
Hein, Gertrude M. Hein, James T. Nicoll, James F.
Nicoll, Dan Mueller, and Walter Stroup,
Defendants-Appellees.
 No. 15662.
 United States Court of Appeals Seventh Circuit.
 Jan. 18, 1967.
 
 Donald S. Manion, Chicago, Ill., for appellant.
 Gates W. Clancy, Chicago, Ill., for appellees.
 Before DUFFY, Senior Circuit Judge, SCHNACKENBERG and KILEY, Circuit judges.
 
 
 1
 SCHNACKENBERG, Cicuit Judge.
 
 
 2
 Associates Discount Corporation, an Indiana corporation, plaintiff, has appealed from a part of a judgment order of October 13, 1965 in favor of Walter E. Hein and Gertrude M. Hein, defendants, following a trial by jury, and from a part of an order of December 30, 1965 denying plaintiff's motion under rule 50(b)[1] to set aside verdict and judgment.
 
 
 3
 Plaintiff in 1962 was a finance company and Elgin Organ Center, Inc., defendant, an Illinois corporation, was engaged in the retail sale of musical instruments at Elgin, Illinois. Under date of August 30, 1962, plaintiff, in supplying financial assistance to Elgin, acquired and relied on four written instruments[2] concerning Elgin's payment of its obligations to plaintiff, which were furnished by Walter E. Hein and Gertrude M. Hein, his wife, James T. Nicoll, James F. Nicoll, and Dan Mueller, and personal financial statements of Mr. Hein and James T. Nicoll.[3] Contemporaneously Mr. Hein signed and delivered to plaintiff a written 'Standby Agreement' which subordinated his claim against Elgin and its assets to the interest of plaintiff.
 
 
 4
 On plaintiff's exhibits 1007-B and 1007-C, it appears that each of the Heins signed as guarantors. However, it also appears that Mr. Hein on plaintiff's exhibit 1007-B included before the writing of his name the abbreviation 'Pres.' and on exhibit 1007-C he included after the writing of his name the abbreviation 'Pres.'. Furthermore, it appears that Mrs. Hein on both said exhibits, after signing her name, included the abbreviation 'Sec'ry'. It also appears that both the abbreviated words 'Pres.' and 'Sec'ry' were partially obliterated on both exhibits by ink lines drawn through them. Plaintiff's agent, Zolin, who signed as a witness to all the signatures on both exhibits, testified that, after submitting them to plaintiff he was told to request that the 'various titles * * * be removed', and that in compliance therewith he delivered all the forms to James Nicoll (who appears from the record in this case to be either James T. or James F. Nicoll, both of whom were vice-presidents of Elgin), who took them and a couple of days later returned them with the alterations made as he had requested. Zolin further testified that he never saw the changing in any form of the documents in question.
 
 
 5
 Counsel for the Heins points out that these alleged facts which the testimony of Zolin tends to establish, are in conflict with certain testimony given on crossexamination by James F. Nicoll, called as an adverse witness by plaintiff.
 
 
 6
 In March 1963, plaintiff demanded of Elgin's alleged guarantors payment of the amount then due. Its demand having proved futile, it filed this action.
 
 
 7
 The Heins by their answer, as amended after verdict, denied that there was any consideration for their alleged excution of the guaranties, and also denied the existence of any guaranty or that there was any balance due and owing to plaintiff from them. They also by counterclaim charged that plaintiff, by its agent, one Zolin, conspired with James F. Nicoll, James T. Nicoll, and Walter Stroup to defraud Elgin, and that, in pursuance of the conspiracy, they fraudulently converted (sold) the stock of goods, thus subjecting the Heins and Dan Mueller, an officer of Elgin, to libility for default on the alleged fraudulent sales financing arrangements. The counterclaim alleged that, as a result of the conspiracy, the Heins became 'purportedly' liable to plaintiff on their guarantees.
 
 
 8
 The jury returned a verdict in favor of plaintiff and against Elgin in the amount of $27,472.79 and a separate verdict against each of the Heins as to the counterclaim, but in favor of the Heins (and Mueller and James T. Nicoll) as to the complaint of plaintiff.
 
 
 9
 Thus, the effect of these verdicts is that (aside from determining the liability of Elgin to plaintiff) the jury found (1) against the charge of conspiracy made by the Heins and (2) that plaintiff had failed to prove the alleged contracts of guaranty upon which it had sued the Heins.
 
 
 10
 1. Plaintiff's counsel urges that the interpretation and construction of plaintiff's exhibits 1007-B through 1007-E was a matter of law and that the district court erroneously submitted this 'issue' to the jury 'as a matter of fact'. He asserts that the construction of written contracts, including those of guaranty, does not come within the province of a jury but is a function of the court. On the other hand, counsel for defendants points to the disputed factual situation appearing in this case as to the execution by the Heins of the documents of guaranty.
 
 
 11
 We are satisfied that, upon all the evidence presented in the record, a question of fact emerged as to whether the Heins, the Nicolls and Mueller signed and delivered said guaranties, knowing and intending to be personally bound thereby, thus resulting in a contract. Consequently it was not a question of law which the district court submitted to the jury. It was a question of fact and was within the historic scope of the jury's role to determine. The following cases support that conclusion.
 
 
 12
 In Monarch Electric & Wire Co. v. National Conduit & Cable Co., 138 F. 18 (7 Cir. 1905), we approved this practice. There the question involved was whether certain telephone conversations between representatives of the parties constituted a contract. Proof was offered as to the customs of the trade and the previous dealing between the parties. We said, at 21:
 
 
 13
 '* * * The evidence tending to establish these facts should have gone to the jury; for from such evidence, in connection with the other facts shown, the jury would have been warranted in finding that the telephone conversations constituted a complete understanding not varied by the confirmatory notes.'
 
 
 14
 In Fisk Tire Co., Inc. v. Burmester, 252 Ill.App. 545 (1929), appellee was sued upon a written guaranty bearing her signature. In a trial by jury, she testified that she signed the instrument (upon which suit was later brought), when Fisk's agent presented to her a printed form with blank spaces and said he would fill in the blanks so that her liability would be limited to $400. However, in its opinion, the Illinois court pointed out that the blank printed form was left unlimited as to the amount of liability. It said, at 549:
 
 
 15
 '* * * While appellant's agent testified that the blanks in the printed form were filled in as they now appear before appellee signed the instrument, yet it was a question of fact for the jury to decide as to who was telling the truth about that matter. * * *'
 
 The court had said, ibid:
 
 16
 '* * * According to the testimony of appellee the writing she signed, in the condition it then was, was not a contract. It was intended to become a contract, so far as she was concerned, when appellant's agent had written in such language as would limit her liability to $400.'
 
 
 17
 2. Counsel for plaintiff here asserts that, regardless of who appended the alterations to the contracts of guaranty, such alterations are no more than 'spoliage', which would merely have rendered the parties liable under the said contracts of guaranty as originally executed. In support thereof, he cites Ill.Rev.Stat. Ch. 26, 3-403(2)(b) (1965), which is a part of the Uniform Commercial Code respecting negotiable instruments. This term 'instrument' is expressly defined in that act in 3-102(1)(e). Clearly plaintiff's exhibits 1007-B and 1007-C in this case (the alleged contracts of guaranty) are not negotiable instruments.
 
 
 18
 We therefore find no merit in this contention of plaintiff.
 
 
 19
 For the foregoing reasons, the judgment of the district court in favor of the Heins is affirmed and that part of the order of the district court, with respect to Walter E. Hein and Gertrude M. Hein, denying plaintiff's motion to set aside the verdict and judgment under rule 50(b) of the Federal Rules of Civil Procedure, is affirmed.
 
 
 20
 3. On September 8, 1966, we reserved the determination of who should be taxed with the payment of the costs of additional parts of the transcript of proceedings filed in the district court.
 
 
 21
 On May 2, 1966 plaintiff moved this court for the entry of an order (1) directing the district court to vacate or modify its order of April 21, 1966, which directed plaintiff to furnish such additional parts of the transcript, and (2) directing that court to enter an order denying defendants Heins' motion requiring plaintiff to furnish additional parts of the transcript. We have examined all of the transcripts relevant to this question.
 
 
 22
 On May 31, 1966, counsel for plaintiff by motion asked us to declare that its motion had become moot. Thereupon, counsel for the Heins objected and denied mootness, adding that the filing of additional parts of the transcript by the official court reporter in the district court had not been done at the direction of appellees, but was apparently done as the custom of said reporter's office, and that a statement for services rendered in preparing said transcript had been presented by the reporter to plaintiff's attorney, who had refused to pay any part thereof.
 
 
 23
 In view of the foregoing proceedings to which reference is made in paragraph 3 and the result reached generally upon the merits of this appeal, we hold that the obligation to pay for the additional parts of transcripts of proceedings herein referred to should be taxed by the district court against plaintiff, and for that purpose only, this cause is remanded to the district court.
 
 
 24
 Judgment and Part of Order Affirmed and Cause Remanded for Taxation of Certain Costs Against Plaintiff.
 
 
 25
 KILEY, Circuit Judge (concurring).
 
 
 26
 I concur. There is evidence favorable to the Heins which tends to prove they were unaware of the real significance of the instrument signed; that plaintiff rejected the instrument as signed by 'Walter Hein, Pres.' and 'Gertrude Hein, Secry.' and ordered its agent to have the description removed or a new instrument signed without qualification; that they did not thereafter sign the instrument without the qualifying description of their signatures; that they neither struck the description themselves nor saw anyone else do so; and that they did not see the instrument again after they originally signed it, until the time of trial.
 
 
 
 [1]
 28 U.S.C.A. rule 50(b)
 
 
 [2]
 Plaintiff's exhibits 1007-B to 1007-E inclusive
 
 
 [3]
 Plaintiff's exhibits 56, 58 and 304