**Elizabeth Nesbit, Appellee, v. Clarence Streck et al., Trading as Streck Brothers, Appellants.**

Heard in this court at the May term, 1930.

Opinion filed September 22, 1930.

P. K. JOHNSON, for appellants.

CHARLES WEBB and A. B. DAVIS, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Elizabeth Nesbit, the appellee, filed her suit against the appellants in the circuit court of St. Clair county, Illinois. The declaration consists of one count and avers that on the 8th day of December, 1928, she lived and resided with her husband and family in Belleville, Illinois, at No. 400 Washington Street; that while in the

exercise of due care for her own safety and attending to her household duties in said home, a certain truck of the defendants was negligently and carelessly allowed and permitted by the defendants to run across said Washington Street without being in the control and management of a driver, up to and against and into said dwelling house and to and against the plaintiff, thereby causing parts of said building to strike the plaintiff, knocking her down, whereby she was caused to become unconscious for a long space of time; that the back of her head and her spinal column and other parts of her body were hurt and injured, from which injuries she suffered and still suffers great pain and anguish and from which injuries aforesaid, she has become and still is permanently disabled.

The appellants filed the general issue. The case was tried by a jury, resulting in a verdict for the plaintiff in the sum of $10,000. Motion for a new trial was overruled. Judgment was rendered on the verdict and the defendants bring the case to this court on appeal.

The evidence shows that the appellee lived with her husband and family in the City of Belleville, Illinois; that the factory of the defendants was located across the street 100 feet from appellee's home; that one of the defendants, Clarence Streck, drove the truck in question into the garage, which is a part of the packing plant building of the appellants: Streck testified that he left the engine running but put the gears in neutral and went into the plant. About two minutes later, from the inside of the plant, he saw the truck come out backing. He thought a driver was in it and he did not go out. The truck backed out of the garage and ran backwards down the private driveway and across the street and struck the dwelling house of the plaintiff. The truck ran into the wall of the house knocking out a part of the wall and the window sill.

The appellee testified that the accident happened about 8 o'clock in the morning; that she was cleaning the front room furniture when the crash came; that she did not see or know anything about the accident until she heard the crash; that she then became unconscious. The plaintiff's son, who was about 9 years old at the time of the occurrence, testified that he went into the front room and found his mother lying on the floor on her stomach unconscious; that her head was away from the wall and some brick and mortar was on the back of her head and neck; that the mother soon got up and went into the kitchen and sat in a rocking chair. The plaintiff's grown daughter was asleep upstairs at the time and was awakened by the crash. She came downstairs and found her mother unconscious in the rocking chair in the kitchen. One of the defendants was called and immediately came over to the house and telephoned for a doctor. Dr. Twitchell was located and reached the home about 20 minutes after the accident.

The appellants insisted that, on account of his age, the 9-year-old son of appellee was not a competent witness to testify; and that he was not properly qualified before he testified. We have examined the testimony of this boy, and are of the opinion that the preliminary proof of the intelligence of this boy and of his understanding of the oath was sufficiently considered by the trial judge. The boy appeared to know the nature of, and realized the solemnity of an oath. In education and intelligence he appeared to be equal to or above the average boy of his age. We think that the trial court properly allowed this boy to testify.

In the trial court the appellants made a motion for a new trial, stating that they had discovered new evidence that would rebut the testimony of the witnesses for the plaintiff relative to the extent of her injuries, and should be allowed to present the same at another

trial. They filed the affidavit of Dr. L. A. Will stating that in his opinion the physical condition of Mrs. Nesbit, the plaintiff, was not caused by the accident, and stated his reasons for his opinion. In the affidavit the doctor states what, in his opinion, caused the physical condition of the plaintiff.

The appellants insisted that they were surprised by the testimony of the plaintiff and her physician relative to plaintiff's condition, and the extent of her injuries; that they had no way of knowing what she was going to claim her injuries were. It is their contention that the declaration is very general in regard to the charge of her injuries. If the appellants were not satisfied with the declaration, but thought that the statement of her injuries was too general, they should have made a motion for a bill of particulars, or made some effort to have the declaration made more specific. The courts do not look with favor upon an application for a new trial on the ground of newly-discovered evidence. (*People v. Lemorte,* 289 Ill. 11; *People v. Johnson,* 298 Ill. 52.) To justify the granting of a new trial the newly-discovered evidence must be conclusive and not merely cumulative. The appellant must also show that he had used diligence in preparing his case for trial, and show to the court that he had not been negligent in any manner in trying to procure the newly-discovered evidence at the first trial. If the appellant has not shown due diligence in the matter of procuring evidence, he cannot wait until after an adverse verdict of the jury and then be granted a new trial on the ground of newly-discovered evidence.

We are of the opinion that the appellants did not make such a showing and the court did not err in overruling appellants' motion for a new trial.

The appellants also urge that the verdict is contrary to the evidence and the judgment is excessive. In our opinion the evidence supports the declaration and clearly shows the appellants were negligent in leaving the

truck in the manner they did. The plaintiff was guilty of no negligence that in any manner contributed to the accident. The evidence shows that at the time of the accident the plaintiff was pregnant and about four months later she gave birth to a child, who appeared to be normal and is now living. She testified that since the accident she has been unable to do her housework; that she suffers pain in her back and limbs and has attacks of headache and has to get up frequently at night. The doctor testified that he found an abrasion or discolored spot on her hip; that she was suffering from the shock; that he had treated her regularly for awhile; that he was called occasionally to treat her up to the day of the trial; that in his opinion she has falling of the womb and that this condition was permanent.

The appellants insist that the verdict of $10,000 is excessive, and is the result of passion and prejudice of the jury.

From an examination of the record we cannot see how the jury could have rendered any verdict except in favor of the plaintiff. This court is reluctant to reduce the amount of a verdict in any case, but from the evidence of the plaintiff's injuries it is our opinion the verdict is excessive and should not have been more than $5,000.

It is therefore ordered by this court that, if the appellee will within 20 days from the date of filing this opinion file a remittitur in the office of the clerk of this court for the sum of $5,000, then the judgment of the circuit court of St. Clair county will be affirmed. If said remittitur is not filed in said time then the judgment of said court will be reversed and the cause remanded to said court.

*Judgment affirmed upon remittitur; otherwise reversed and remanded.*