Prokopy Powers, Emil Nickonovich and Eva Nickono-vich, Plaintiffs-Appellees, v. Charles Browning, Defendant-Appellant.

Charles Browning, Counterclaimant-Appellant, v. Pro-kopy Powers, Emil Nickonovich and Eva Nickono-vich, Counterdefendants-Appellees.

Gen. No. 9,944.

Opinion filed May 21, 1954. Released for publication June 7, 1954.

GIFFIN, WINNING, LINDNER & NEWKIRK, and DRACH & HOWARTH, all of Springfield, for appellant; ALFRED F. NEWKIRK, and JAMES F. WINNING, both of Springfield, of counsel.

G. EDMOND COOK, of Madison, and EARL S. HODGES, of Springfield, for appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

This action was brought to recover damages for personal injuries sustained by plaintiffs in an automobile accident which occurred May 10, 1951 on U. S. Route 66 a few miles south of Springfield, Illinois. Plaintiff, Prokopy Powers, an Orthodox Greek Catholic priest, accompanied by Eva Nickonovich and Emil Nickonovich, all residing in Madison, Illinois, were en route to Peoria, Illinois where Powers was to conduct a funeral service for the deceased brother-in-law of the Nickonovich's. Powers was the owner and driver of the car in which plaintiffs were riding, and it was proceeding in a northerly direction. Defendant Charles Browning was driving his car south on said highway and the collision occurred when he attempted to make a left-hand turn into his farm driveway. As the result of the collision which ensued, the plaintiffs sustained severe personal injuries.

The defendant filed a counterclaim against the three plaintiffs. There was a trial by jury and at the close of all the evidence the court directed a verdict on the

counterclaim in favor of the counter-defendants, Emil Nickonovich and Eva Nickonovich. Verdicts on the remaining issues were returned as follows: $20,000 for Eva Nickonovich, $10,000 for Prokopy Powers and $5,000 for Emil Nickonovich. The jury also returned a verdict on the counterclaim in favor of the counter-defendant, Prokopy Powers.

The defendant moved for a new trial which was denied, and upon judgments being entered, brought this appeal.

Errors pointed out and relied upon by the defendant as warranting reversal are that the trial court erred in its rulings as to the admission of evidence, in instructing the jury, and in refusing to lend its aid to enable the defendant to produce newly discovered evidence for inspection and consideration by the court upon the hearing of the motion for a new trial.

There appears to be no controversy over the evidence as to the actual occurrence, and hence, any detailing of the same is unnecessary.

Consideration will be first given to defendant's argument that the trial court improperly refused to aid him in obtaining newly discovered evidence. Accompanying the defendant's motion for a new trial is an affidavit by one of defendant's counsel, reciting in substance that plaintiff Eva Nickonovich in a deposition taken July 26, 1952 and on the trial stated that before the accident she was in good health; that Dr. Douglas M. Gover attended Eva Nickonovich for injuries sustained in the accident; that said Dr. Gover was interviewed by plaintiffs' counsel, but was not called as a witness; that subsequent to the trial affiant interviewed said Dr. Gover; that said Dr. Gover stated that if called as a witness or directed by the court to give his deposition he would give evidence which would refute the testimony of Eva Nickonovich as to her condition of good health prior to the accident, and as to the

483

causal connection between the accident and certain items of her present condition; that he would likewise give testimony impeaching the plaintiff, Prokopy Powers, as to his previous good health and would establish that a substantial portion of said plaintiff's present complaints are not attributed to the accident, but pre-existed the same; that the records of St. John's Hospital contained information of a similar·character; that Dr. Gover informed affiant that under the ethics of his profession he could not disclose this information voluntarily; that the defendant will be unable to support his motion for a new trial by the affidavits of the witnesses who could testify to the newly discovered evidence unless the court directs Dr. Gover to testify thereto.

The defendant also filed a motion for an order directing Dr. Gover to testify upon the hearing on the motion for a new trial, and also directing St. John's Hospital to produce its records relating to Eva Nickonovich and Prokopy Powers upon such hearing.

Plaintiffs moved to strike the said affidavit and motion on the ground that they failed to show what the newly discovered evidence would be or that the same would be competent; that they fail to show facts which would overcome lack of diligence on the part of defendant in failing to call Dr. Gover to testify at the trial and to subpoena the hospital records for use at the trial, and that such evidence, if produced, could be used only by way of impeachment and would not be conclusive in its character. The court denied plaintiffs' motion to strike.

 Since in the instant case the newly discovered evidence related only to the element of damages, it was incumbent upon defendant to show to the trial court that the character thereof was such that had it been introduced on the trial, it would have permitted the jury to award only nominal or slight damages.

*Graham v. Hagmann,* 270 Ill. 252. The only disclosure made to the trial court as to the character of the evidence Dr. Gover would give if called as a witness is the statement in defendant's affidavit that he would "testify to facts and circumstances and admissions by the said Eva Nickonovich which would refute her aforesaid statement as to her previous condition of good health, and as to the causal connection between the accident and certain items of her present condition." There would appear to be nothing in such statement warranting a conclusion that the testimony of Dr. Gover or the hospital records would be practically conclusive on the question of the amount of damages to which plaintiffs would be entitled. Although such evidence might impeach a witness for plaintiffs or tend to mitigate the damages, it would not thereby meet the requirements that it be of a conclusive character. *Graham v. Hagmann, supra.*

██ ██ The record discloses that on the trial, Eva Nickonovich testified on direct examination that on the day of the accident her general physical condition was all right; that she went to her family doctor once in a while; that she used medicine given her "for change of life"; and that she had headaches once in a while. Although this testimony indicated that the witness was being treated for an ailment prior to the accident, she was not cross-examined on that subject by defendant's counsel. The affidavit states that Dr. Gover's testimony would refute the statement of the witness as to her previous condition of good health and as to the causal connection between the accident and certain items of her present condition. Since the affidavit fails to show that the testimony of the doctor and the hospital records would do anything other than contradict the testimony of the witness Eva Nickonovich, it must be said to be merely impeaching in its character. Newly discovered evidence which will warrant a reversal must

be of such a conclusive character that its production will probably change the result if a new trial is granted. *Taylor v. Atchison, T. & S. F. Ry. Co.*, 292 Ill. App. 457.

Plaintiffs contend that the defendant failed to exercise diligence to procure the evidence in question at the trial. We think defendant's affidavit failed to furnish the trial court with facts from which it could say that the defendant acted diligently to obtain the testimony of Dr. Gover and the hospital records for use on the trial. Defendant's affidavit would seem to indicate that his reliance upon the assumption that plaintiffs would call Dr. Gover as a witness relieved him from making any further showing with regard to what he did before the trial to discover this evidence which he now contends would be controlling on the question of damages. We do not think the fact that plaintiffs did not call Dr. Gover as a witness excused the defendant from the duty of exercising due diligence to produce all of his evidence on the trial. The defendant was required to show affirmatively that there was no lack of diligence on his part in preparing his case for trial, and that he was in no manner negligent in his efforts to procure the newly discovered evidence at the trial. *Nesbit v. Streck*, 259 Ill. App. 48. As the court said in *People v. Dabney*, 315 Ill. 320: "Applications for new trial on the ground of newly discovered evidence are not looked upon with favor by courts but such applications are to be subjected to close scrutiny. The burden is on the applicant to rebut the presumption that the verdict is correct and to show that there has been no lack of due diligence. (*People v. Le Morte,* 289 Ill. 11.) The evidence must fulfill the following requirements: First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as

486

could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative to the evidence offered on the trial (citing cases)." *Stocker v. Scherer,* 1 Ill.2d 405.

Defendant argues at length that the witness, Dr. McFadden, was an examining physician and therefore should not have been permitted to testify concerning complaints and subjective symptoms of Emil Nickonovich and to give an opinion based thereon. Dr. McFadden testified that he first saw Emil Nickonovich on October 9, 1951 and gave him a neurological examination. The witness gave an opinion based upon objective findings that there was evidence of abnormal changes in the patient's brain structure, and that such condition was caused by trauma; that he gave the patient a sedative to allay nervousness and tremor and told him to avoid exertion. The witness further testified that he again saw the patient on November 16, 1951; that he conducted another neurological examination resulting in the same findings as those of October 9; that he last saw the patient on November 14, 1952 at which time he found some improvement. The witness gave an opinion that the condition as described is permanent. At the conclusion of the direct examination of the witness with reference to Emil Nickonovich, defendant's counsel moved to strike all of the witness' answers which were based upon subjective symptoms. This motion was overruled by the court.

The rule is well established that where a physician makes an examination of a patient for the purpose of qualifying himself to testify as a witness only, his testimony must be limited to objective symptoms. However, in the instant case, it appears from the testimony of the witness, Dr. McFadden that he had examined and treated the plaintiff, Emil Nickonovich from October 9, 1951 to November 14, 1952.

We do not think the testimony of Dr. McFadden was objectionable on the ground urged by defendant.

 It is the further contention of defendant that he was unduly restricted in his cross-examination of Dr. McFadden concerning the number of times the witness had testified in other personal injury actions. On his cross-examination, the witness, Dr. McFadden, was asked this question: "Dr. McFadden, how frequently have you testified in court as an expert in this type of case? A. I am afraid I couldn't tell you that. I have been in practice since 1913 which is a long time. I don't keep a record of those things. Q. What would be your best judgment?" Following an objection by plaintiffs' counsel, upon which the court did not rule, the record shows the following statement by counsel for defendant. "Mr. Newkirk: I would like to make an offer. (Out of hearing of jury.) I would like to have the record show that I am attempting to cross-examine this witness and to develop by his own admissions that he spends a large proportion of his time testifying in plaintiff's cases as to this type of injuries. . . ." There appears to be no further reference in the record to the offer made by defendant. This was not an offer of proof. It was merely a statement by counsel as to admissions he proposed to elicit from the witness if permitted to do so. Unless the offered evidence is in the record and the trial court's ruling thereon, a reviewing court cannot pass upon the question as to the correctness of such ruling.

The action of the trial court in directing a verdict as to the counterclaim in favor of counter-defendants Eva Nickonovich and Emil Nickonovich is assigned as error and defendant asserts there was sufficient evidence to go to the jury on the issue that Prokopy Powers was the agent of his co-plaintiffs.

 It appears from the evidence that the three plaintiffs resided in Madison, Illinois; that plain-

488

tiff Powers was engaged to perform a funeral service in Peoria; that when Emil Nickonovich learned that Powers was driving to Peoria, he asked Powers to take him and his wife, Eva Nickonovich; that neither of the Nickonoviches paid anything for the ride; that there was no arrangement between Powers and his passenger plaintiffs for paying the expenses of the trip; that Powers was in complete charge of the car, both as to its operation and the route travelled. The burden of proving agency between Powers and the Nickonoviches was upon the defendant. The foregoing testimony does not tend to prove that such a relation existed between the plaintiffs. *Birnbaum v. Kirchner,* 337 Ill. App. 25. It should also be observed that the jury by its verdict in favor of Powers determined him to be free of contributory negligence. There would seem to be no basis for reasoning that the submission to it of the question of agency would have changed the jury's decision that the plaintiff Powers was in the exercise of due care at the time of the accident.

 Defendant complains of plaintiffs' instructions numbered 1, 2 and 3 as having improperly referred the jury to the injuries described in the complaint, without informing them as to what the complaint charged with reference thereto. Defendant cites numerous cases in which it has been held to be error to give an instruction referring the jury to the complaint, without informing them as to what such complaint contains. The instructions criticized in the instant case referred only to the question of damages and properly limited the jury's consideration thereof to the evidence of injuries sustained by plaintiffs as the direct result of the occurrence referred to in the complaint. *McDaniels v. Terminal R. Ass'n of St.*

*Louis,* 302 Ill. App. 332. Defendant's cited authority is therefore not in point.

Upon careful consideration of the errors assigned, this court concludes that the defendant was accorded a fair trial and the judgments of the circuit court are therefore affirmed.

*Affirmed.*