Dale E. Kaster, Plaintiff-Appellee, v. Donald Wildermuth, Defendant-Appellant.

Gen. No. 68–91.

Third District.

April 25, 1969.

■
■ ■

Theodore Jackson, of East Moline, for appellant.

Winstein and Kavensky, of Rock Island, for appellee.

RYAN, J.

This is a property damage action which arose as a result of an attack by the defendant's dog on the plaintiff's racing dog. Plaintiff's dog died. This action followed.

The plaintiff's wife was training two of plaintiff's dogs by driving up and down a road near the defendant's residence in a pick-up truck with the dogs' leashes attached to the right door handle of the truck. As the truck with the dogs attached thereto passed the defendant's residence, one of the defendant's dogs came out and attacked the plaintiff's two dogs. As a result of this attack, plaintiff's dog, Jim, died. At the trial, there was testimony which indicated that the defendant knowingly kept vicious dogs. Plaintiff testified that Jim was one of the best dogs he had ever owned and that he had paid $400 plus a trade-in dog worth $200 for the dog, Jim. Another witness testified that he had offered the plaintiff $1,000 for the dog. The plaintiff testified that he had raced the dog four times and had won $78 per race for three races and $65 for the fourth race. The jury returned a verdict in favor of the plaintiff for $800.

Defendant moved for a new trial alleging that plaintiff had testified falsely at the trial on the following matters:

(a) That he had taken the dead dog to the veterinarian on the 28th day of February when, in fact, the date was March 3.

(b) That the dog had won certain prize money between January 31, 1967, and February 27, 1967,

when, in fact, no dog races were held during that period of time.

(c) That he had paid $400 plus a trade-in dog worth $200 for the dog, Jim, when in fact, he had only paid $200 for the dog.

At the hearing on defendant's motion for new trial, the defendant offered witnesses to substantiate his allegations of false testimony. The veterinarian who had examined the dog testified the plaintiff brought the dog to him on March 3 and not February 28. A witness qualified as having raced dogs for twenty-five years testified no races were held during the period that plaintiff testified he had won money with the dog. The person who had sold the dog to the plaintiff testified the sale price of the dog was $200. Plaintiff by affidavit admitted he had been mistaken with regard to the amount he had paid for the dog. His affidavit stated this mistake was a result of confusion caused by the fact that he had owned some three hundred dogs and had purchased numerous dogs from the party who had sold him Jim. Plaintiff's affidavit disputed defendant's allegation that no dog races were run during the period plaintiff testified he had raced the dog, Jim. Plaintiff did not counter defendant's allegation with regard to the date on which he had taken the dead dog to the veterinarian.

The Circuit Court denied defendant's motion for a new trial and defendant has appealed from that ruling. We believe that the decision of the Circuit Court was correct.

In Powers v. Browning, 2 Ill App2d 479, at page 486, 119 NE2d 795, the court stated that newly discovered evidence in support of a motion for a new trial must fulfill the following requirements:

"First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as

could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative to the evidence offered on the trial."

In applying these requirements to the instant case, it is apparent that the newly discovered evidence does not conform to the first requirement stated above. It is not so conclusive that it would probably change the result if a new trial were granted. The newly discovered evidence does not relate to the question of liability. If the entire testimony of the plaintiff were to be disregarded there still remains testimony of other witnesses on the question of liability to support a verdict against the defendant.

█ The newly discovered evidence relates to the question of the value of the dog, Jim, and to contradictions which might tend to impeach witnesses. Although such evidence tends to mitigate damages or to impeach a witness, it does not thereby meet the requirement that it be conclusive in character. Graham v. Hagmann, 270 Ill 252, 110 NE 337; People v. McCullough, 210 Ill 488, 71 NE 602; Chicago & N. W. Ry. Co. v. Calumet Stock Farm, 194 Ill 9, 61 NE 1095; Powers v. Browning, supra. This principle has been firmly established in this state for many years as evidenced by a statement of the court in an early case:

"This evidence undoubtedly might have been of essential importance . . . , in mitigation of damages, but a new trial is never granted for that reason. . . ." Schlencker v. Risley, 4 Ill 483, at 487.

██ On the question of value alone, newly discovered evidence will not support a motion for a new trial unless it is practically conclusive that only nominal or slight damages should have been allowed where heavy damages have been recovered. Graham v. Hagmann, supra; Powers v. Browning, supra. As to the value of the dog, Jim, the price the plaintiff paid for the dog is

not conclusive. There is testimony besides that of the plaintiff as to the value of the dog. Another witness testified without objection that he offered plaintiff $1,000 for the dog. The new evidence is not so conclusive on the question of value as to require that only nominal or slight damages be awarded.

■ ■ The overriding reason for not granting a new trial is that the third requirement quoted above from the Powers case has been seriously violated by the defendant. Nothing has been presented as new evidence discovered since the trial that could not have been obtained before trial by the diligent use of pretrial discovery procedures or even by the use of adequate pretrial investigation. As a protection against false or perjured testimony and as an aid generally in the search for truth in the trial of cases, the legislature and the court have provided broad and liberal avenues of discovery in civil cases. A litigant may elect to use these tools that have been provided. If instead he chooses to use the trial itself as a pretrial deposition to discover the testimony of a witness, he should not be rewarded with a new trial wherein he may present contradictory evidence discovered after trial which could have been discovered before trial by diligent preparation. It is a primary requisite to the allowance of a motion for a new trial on the grounds of newly discovered evidence that such evidence was not discoverable prior to trial by the exercise of ordinary diligence. Pritchett v. Steinker Trucking Co., 40 Ill2d 510, 240 NE2d 684.

■ While this court can never condone by implication or otherwise the giving of false testimony, we cannot hold that the giving of false testimony in and of itself, constitutes a basis for granting a new trial. Galena & S. W. R. Co. v. Ennor, 116 Ill 55, 4 NE 762; Cohen v. Sparberg, 316 Ill App 140, 44 NE2d 335. The cases cited by the defendant do not dispute this holding. In fact, each of the cases concerning false testimony cited by the de-

fendant recognizes the general rules stated herein concerning the granting of new trials on account of newly discovered evidence. In each of the cases which defendant cited the new trial was not based on the fact that false testimony had been given. It was based on the fact that the newly discovered evidence would probably change the result in a retrial of the case. People v. Heinen, 300 Ill 498, 133 NE 232; People v. Cotell, 298 Ill 207, 131 NE 659; Swiney v. Miller, 253 Ill App 81; Briske v. Village of Burnham, 308 Ill App 531, 32 NE2d 349.

■ Finally, as was pointed out in the case of Stocker v. Scherer, 1 Ill2d 405, 409, 115 NE2d 614, 616:

"The disposition of motions of this nature is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in a case of manifest abuse."

No abuse of discretion was shown in the case at hand. The judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.