GEORGE ROBBINS *et al.*, Plaintiffs-Appellees, *v.* WILLIAM T. AVARA, Defendant-Appellant.

(No. 60500;

First District (5th Division)—April 25, 1975.

*Rehearing denied May 21, 1975.*

Joseph Riden and Horwitz, Anesi, Ozmon & Associates, Ltd., both of Chicago, for appellant.

Stinespring, Stinespring, & Stinespring, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from a judgment by confession and the order confirming that judgment and from denial of his post-trial motion. He contends that: (1) the judgment is against the manifest weight of the evidence; (2) he should have been granted a new trial based upon newly discovered evidence, and (3) the liquidated damages clause in the sales contract he had entered into with plaintiffs was a penalty and their damages must be limited to $100.

On September 24, 1973, the trial court entered judgment by confession against defendant for $3780.83 including interest and attorney's fees. The judgment was based upon a $3500 cognovit note which defendant had executed on August 2, 1973. The words "Earnest Money, 127 N. Chase, Lombard, Illinois" are typed on the fact of the note, but the note does not indicate that it was made subject to or was governed by the terms of any real estate sales contract. On October 12, 1973, defendant filed his appearance.

On December 20, 1973, a trial was held. No report of these proceedings was made. However, although the trial judge did not certify a proposed report of proceedings prepared by defendant's counsel, he did prepare his own report of proceedings. This report indicates that the following pertinent evidence was adduced at the trial.

*William T. Avara*

He is the defendant in the instant matter and was called pursuant to section 60 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 60.) He does not know whether the signature on the note was his; but he sent a telegram the day after he signed the note to get out of the deal because he was drunk. He was not sure whether he had sent two telegrams. The court on several occasions during the course of defendant's

testimony asked defendant's counsel whether defendant was "competent to stand trial" and on each occasion counsel responded affirmatively.

*Roger Wozniak*

He is a salesman for Maple Realty and is entitled to a commission for the sale of the premises in question. He first met defendant 3 years ago when defendant purchased a home from him and he had talked to him several times since then, including once when defendant had cleaned his carpets. On August 1, 1973, defendant telephoned him and told him that he wished to purchase a home with the proceeds of an insurance settlement he was about to receive. He and defendant met on August 2, 1973. Defendant looked through the book of listings at the real estate office and chose five homes he wished to see. They then drove to see those homes. When they returned to the office, defendant signed the note and real estate contract. During the four or five hours they were together, no alcohol was consumed and defendant was sober.

After this testimony, plaintiffs rested their case and defendant's motion for dismissal of the suit was denied.

*William T. Avara, on his own behalf*

He was drunk at the time he signed the note and Wozniak had caused him to be drunk. He sent a telegram after signing the note saying that he had changed his mind; but the telegram was not produced.

Following this evidence, the court found defendant's testimony "not only not credible, but * * * in fact incredible * * *" and confirmed the judgment previously entered by confession.

On January 3, 1974, defendant filed a post-trial motion requesting that the judgment be vacated or that the court grant whatever other relief seems appropriate and alleging that: (1) defendant was mentally incompetent at the time he signed the note and contract due to alcohol; (2) plaintiff suffered no loss; (3) defendant was not a ready, willing and able purchaser; (4) defendant had been told he could cancel the contract within 72 hours; and (5) the judgment was contrary to the law and the evidence.

On February 5, 1975, a hearing was held on the motion. Defendant, after presenting various exhibits, argued that he should be granted a new trial because the real estate in question had been sold to a third person for only $100 less than the sales price in the contract he had entered. The court denied defendant's motion.

OPINION

■■ Defendant first contends that the judgment is against the manifest weight of the evidence. Civil judgments may be reversed if they are against the manifest weight of the evidence. (*Williams v. Wisowaty*, 2

Ill.App.3d 400, 276 N.E.2d 424 (abstract opinion).) However, the law is clear that the trier of fact resolves factual disputes and weighs the credibility of witnesses. In the instant case, plaintiffs' cause of action was based upon the cognovit note defendant had executed. Plaintiffs' case was not based upon any real estate contract and they were not obliged to offer any such contract into evidence.

Section 3—119 of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 3—119.) provides:

> "As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction  *  *  *."

Pursuant to this provision, defendant could have presented evidence indicating that the note had been modified by the real estate contract, but defendant did not present such evidence. Moreover, the reference to "earnest money" on the face of the note does not itself modify the instrument.

A full trial was held in the instant matter. Defendant had ample opportunity to present his defenses to the enforcement of the note. However, defendant presented only limited evidence and the evidence he did present was not believed by the trier of fact. The trial court, after viewing the demeanor of the witnesses and weighing the evidence, resolved the issues in plaintiffs' favor. Having reviewed the record, we cannot say that the judgment was against the manifest weight of the evidence.

■■ Defendant next contends that the trial court should have granted him a new trial based upon newly discovered evidence. Even if we were to assume that defendant's post-trial motion was a motion for a new trial, such motions based on newly discovered evidence are not looked upon with favor by the courts and are subject to close scrutiny. (*Hearst v. City of Chicago*, 9 Ill.App.3d 1085, 293 N.E.2d 738.) In order to justify the granting of a new trial based on newly discovered evidence, the following requirements must be met.

> "First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative of the evidence offered on the trial  *  *  *." *Powers v. Browning*, 2 Ill.App.2d 479, 486-487, 119 N.E.2d 795, 799.

■■ In the instant case, defendant's evidence has not satisfied these requirements. The evidence which defendant states justifies a new trial

was that plaintiffs had subsequently sold their home at a selling price which was only $100 less than the price to defendant. This evidence is not of such a conclusive character as would have changed the result at trial and it is not material to the issue before the court—the validity and enforceability of the cognovit note. In these circumstances the trial court did not err in denying defendant's motion.

■■ Defendant also contends that the liquidated damages clause in the sales contract he had entered with plaintiffs was a penalty and that their damages must be limited to $100. However, as we have previously mentioned, plaintiffs' action was based upon the note, not the contract and defendant did not put the contract in issue. Therefore, whether or not the liquidated damages clause in the contract was a penalty makes no difference. Defendant was not prejudiced by the clause.

The judgment is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.