*In re* ESTATE OF LOUIS GOODMAN, Deceased.—(WALLACE LIEBER-MAN *et al.*, Executors-Appellants, *v.* HAROLD COHN *et al.*, Claimants-Appellees.)

First District (1st Division) No. 61850

---

Opinion filed March 1, 1976.

. Edwin M. Raffel, of Chicago, for appellants.

King and Braude, of Chicago (Warren E. King, of counsel), for appellees.

Mr. JUSTICE BURKE delivered the opinion of the court:

Rose and Harold Cohn filed a claim against the estate of Louis Goodman, deceased, based upon the decedent's personal guaranty of two subordinated debentures issued to the Cohns on January 1, 1966, by Abco Finance Company in the sum of $25,000 each. The Cohns asked to collect on the debentures' unpaid principal of $50,000, the unpaid balance on interest payments from August 1, 1973, and $2,500 in attorneys' fees. An answer filed by the executors denied that no part of the principal on the debentures had been paid; alleged no knowledge sufficient to form a belief as to whether interest payments had ever been tendered prior to August 1, 1973; denied that claimants were entitled to attorneys' fees; stated that the instruments of personal guaranty were pasted on the back of the debentures at a time subsequent to the original execution of the debentures; and demanded strict proof that consideration was given in exchange for the personal guaranty. Following a trial held on January 22, 1975, the trial court allowed a claim for $71,305 on the unpaid principal and interest. Approximately one month after trial, the executors filed a motion requesting a new trial on grounds that newly discovered evidence would necessitate a different finding by the court. The executors offered copies of financial statements executed in June 1967 by Louis Goodman, the decedent, and Phillip Pollack, the

other co-guarantor of the debentures issued to the Cohns. The executors also offered financial statements contained in schedules which the decedent and Pollack had filed in bankruptcy proceedings in October, 1968. None of the financial statements in the bankruptcy petitions listed the personal guaranty on the debentures issued to the Cohns as a liability. However, the schedules submitted by both men in their bankruptcy petitions included 21 notes issued to banking institutions by Abco Finance Company and guaranteed, in writing, by the decedent and Pollack. The total debt on these notes was $1,155,000. The trial court denied the executor's motion for a new trial. On appeal, the executors contend that the personal guaranty on the debentures issued to the Cohns is not supported by consideration, and that the motion for a new trial should have been granted.

The Cohns supported their claim with the testimony of Burton Rose. It was Rose who introduced his father-in-law, Harold Cohn, to the decedent and Phillip Pollack. Rose testified that the debentures and the instruments of personal guaranty were executed in his presence as part of one transaction in the corporate offices of Abco Finance. The issuance date on both debentures is January 1, 1966. The face of each debenture is signed by Albert Paletz, secretary of Abco Finance Company, and Wallace Lieberman, vice-president of Abco Finance Company. Rose stated that he saw the decedent and Phillip Pollack sign instruments of personal guaranty. The instruments were contemporaneously attached to the reverse side of each debenture. Each instrument of guaranty is penetrated by perforation marks of the official corporate seal, which is affixed to the face of each debenture. Rose further testified that at the time the documents were executed, Harold Cohn issued a check for $50,000 to Abco Finance Company drawn on Cohn's account at the South Shore Bank. The debentures were placed in the keeping of Rose who thereafter received interest payments from the decedent and Pollack. Rose continuously maintained a full record of interest accrued on the debentures as well as the date and amount of each interest payment received. Approximately 26 interest payments were tendered from 1968 to August, 1973. The payment record was introduced into evidence at trial.

Albert Paletz, co-executor for the Estate of Louis Goodman, testified against the allowance of the claim. Paletz was the secretary of Abco Finance Company which declared bankruptcy in May, 1968. Paletz admitted on direct examination that he was not familiar with the transaction wherein the corporate debentures were issued to the Cohns. However, Paletz stated that in January, 1966 he placed his signature on the face of each debenture which was issued to the Cohns. At the time of

Paletz' signing, Paletz claimed that the instruments of personal guaranty were not on the reverse side of each debenture. On cross-examination, Paletz could not explain why the corporate seal on the face of each debenture penetrated to the instrument of personal guaranty. Moreover, Paletz did not know at what time the corporate seal was affixed to each debenture.

Wallace Lieberman, the other co-executor for the Estate of Louis Goodman, was the executive vice-president of Abco Finance Company in January, 1966. Lieberman testified that the debentures which were issued to the Cohns in 1966 were renewals of debentures originally issued in 1963, at which time the Cohns paid $50,000 to Abco Finance. Lieberman testified that he signed the debentures on their face and delivered them as renewals to Burton Rose in January, 1966. Lieberman claimed that instruments of personal guaranty were not attached to the debentures at the time Lieberman delivered the debentures to Rose. On cross-examination Lieberman testified that he knew neither the person who affixed the corporate seal to the debentures, nor the time at which the seals were affixed.

The executors first contend that no consideration was given for the contract of guaranty signed by the decedent. Their argument is based upon inferences drawn from the evidence offered at trial. The executors argue that the instrument of guaranty is a fraud and that the instrument was pasted on the backside of the debentures at a time subsequent to the issuance of the debentures in 1966.

■■ The first contention raised by the executors presents a question of fact, not a question of law. It was within the historic province of the trial court, as finder of fact, to determine whether or not the Cohns gave consideration for the personal guaranty of the decedent. (*Fisk Tire Co., Inc. v. Burmeister*, 252 Ill. App. 545; *Associates Discount Corp. v. Elgin Organ Center, Inc.* (7th Cir. 1967), 375 F.2d 97.) The trial court found that the decedent knowingly and intentionally bound himself to guarantee the payment of the corporate debentures in exchange for $50,000 given by the Cohns to Abco Finance. Ample evidence in the record supports the trial court's finding. The instrument of guaranty specifically reads, "For value received, the undersigned, jointly and severally, guarantee the payment of the within note at maturity * * *." The decedent's signature on the instrument of guaranty is undisputably genuine. Each instrument of guaranty, attached to the reverse side of each debenture, is penetrated by perforation marks of the official Abco Finance seal, which is affixed to the face of each debenture. Burton Rose introduced a record of interest accrued on the debentures as well as the date and amount of each interest payment tendered to him by the de-

cedent and the co-guarantor, Phillip Pollack, for a period of five years. All of this evidence buttressed Rose's testimony that the decedent and Polack personally guaranteed the debentures issued to the Cohns in exchange for $50,000 at one transaction in January, 1966. A court of review will not reverse the trial court's findings of fact unless the judgment is against the manifest weight of the evidence. (*Floyd v. Estate of Smith*, 320 Ill. App. 171, 50 N.E.2d 254.) We conclude that the record supports the finding that the claimants satisfied the burden of proving their claim by a preponderance of the evidence. *In re Estate of Pohn*, 67 Ill. App. 2d 227, 214 N.E.2d 553; *In re Estate of Ruebush*, 53 Ill. App. 2d 54, 202 N.E.2d 344.

The second contention raised by the executors is that their motion for a new trial based upon newly discovered evidence should have been granted. Applicable to civil and criminal matters alike, the well-established principles governing the disposition of a motion for a new trial on grounds of newly discovered evidence were set forth in *People v. Dabney*, 315 Ill. 320, 327-328, 146 N.E. 166, 168-169, where the Supreme Court stated:

> "Applications for new trial on the ground of newly discovered evidence are not looked upon with favor by courts but such applications are to be subjected to close scrutiny. The burden is on the applicant to rebut the presumption that the verdict is correct and to show that there has been no lack of due diligence. (*People v. LeMorte*, 289 Ill. 11.) The evidence must fulfill the following requirements: First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative to the evidence offered on trial. [Citations.]"

See *Powers v. Browning*, 2 Ill. App. 2d 479, 119 N.E.2d 795.

■■ The executors offered financial statements contained in October, 1968 bankruptcy petitions of the decedent and Phillip Pollack as the new evidence which warranted a new trial. These financial statements did not list the personal guaranty as a liability for either co-guarantor. We believe that the submission of this evidence does not justify the granting of the executors' motion for a new trial. The financial statements contained in the bankruptcy petitions could have been obtained by the executors prior to trial with a reasonable amount of diligence. Moreover, we do not believe that the financial statements would change the findings reached by the trial court in the face of the totality of

evidence presented by the claimants. The disposition of motions of this nature is within the sound discretion of the trial court, and the exercise of its discretion will not be disturbed except in a case of manifest abuse. *Stocker v. Scherer*, 1 Ill. 2d 405, 115 N.E.2d 614; *Dvorson v. City of Chicago*, 119 Ill. App. 2d 357, 256 N.E.2d 59.

For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.