STEWART R. LANNERT, Plaintiff-Appellant, v. SHARON RAMIREZ, Defendant-Appellee.

Fifth District     No. 5—89—0797

Opinion filed June 7, 1991.

Frank H. Walker, of Mt. Vernon, for appellant.

Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of Belleville (Ransom P. Wuller, of counsel), for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Stewart R. Lannert, filed suit in the St. Clair County Circuit Court on December 17, 1987, alleging that defendant's negligent operation of her motor vehicle caused an accident in which he was injured. Defendant admitted negligence but denied causation and denied that plaintiff was injured or injured to the extent claimed.

The case was tried on June 20 and 21, 1989, and the jury returned a verdict in favor of the defendant from which the plaintiff now appeals. While plaintiff in his brief to this court alleges that the

trial court committed numerous errors, his post-trial motion contained only a request for a new trial based on newly discovered evidence. "A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion." (134 Ill. 2d R. 366(b)(2)(iii); see also Ill. Rev. Stat. 1989, ch. 110, par. 2–1202(b); *Schultz v. Republic Insurance Co.* (1984), 124 Ill. App. 3d 342, 464 N.E.2d 767.) Therefore, we consider only plaintiff's argument that he should be granted a new trial based on newly discovered evidence.

Defendant testified by evidentiary deposition that the damage to her vehicle was around $200. After trial the plaintiff contacted defendant's insurance company by telephone and was informed that the company had paid over $2,000 for property damage to defendant as a result of the accident. We note at this point that plaintiff asserts the trial court denied his post-trial motion without considering all repair bills. It is true that in its order denying plaintiff's post-trial motion the court indicated, "Repair bill—$449.83 from Allstate." However, a motion to reconsider was filed by plaintiff which informed the court that there were three repair bills totalling over $2,000. The trial court, after considering these bills, denied plaintiff's motion to reconsider.

■ A motion for a new trial based on newly discovered evidence requires the movant to establish the following:

    (1) the evidence is of such a conclusive character that it will probably change the result if a new trial is granted;

    (2) it has been discovered since the trial;

    (3) it could not have been discovered before trial with the exercise of due diligence;

    (4) it is material to the issue; and

    (5) it is not merely cumulative to the evidence at trial. (See *Kaster v. Wildermuth* (1969), 108 Ill. App. 2d 288, 291-92, 247 N.E.2d 431, 433.)

Courts do not look with favor on motions for new trials based on newly discovered evidence. *Robbins v. Avara* (1975), 28 Ill. App. 3d 292, 328 N.E.2d 95.

We conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial based on newly discovered evidence. Had plaintiff exercised due diligence, the repair bills would have been discovered before trial. Plaintiff asserts that the filing of his Supreme Court Rule 237 (134 Ill. 2d R. 237) request for "tangible objects" was sufficient to meet the newly discovered evidence due diligence requirement.

■ Rule 237 notices are not discovery tools and should not be used as a substitute for the discovery rules. The plaintiff's Rule 237 notice called for production of "tangible objects." While this designation might arguably encompass the repair bills, it is certainly not specific as to their production.

■ If plaintiff had utilized the discovery procedures available to him such as a request to produce under Supreme Court Rule 214 (134 Ill. 2d R. 214) or a notice of a deposition under Supreme Court Rule 204 (134 Ill. 2d R. 204), and had defendant failed to produce the disputed bills pursuant to appropriate discovery requests, the result in this case might be different. Unfortunately, the record provided to us does not reflect whether plaintiff utilized these procedures. In the absence of such a record and with the trial court having found that defendant's failure to produce the repair bills did not warrant a new trial, we are in no position to reverse the finding.

■ We realize that there is authority for the proposition that Rule 237 is an adjunct to the discovery rules. (*Hawkins v. Wiggins* (1980), 92 Ill. App. 3d 278, 415 N.E.2d 1179.) Obviously, while all rules are to be read in conjunction with one another, we are of the opinion that the primary purpose of Rule 237 is to furnish parties with an efficient method of obtaining the production of witnesses and tangible objects at *trial*. (We note that Rule 204(a)(3) (134 Ill. 2d R. 204(a)(3)) furnishes a similar procedure for use during discovery proceedings in a case.) We conclude that it is preferable for parties to utilize the discovery rules during the discovery phase of the litigation and to utilize Rule 237 only for the production of witnesses or tangible objects at trial.

We are not prepared to hold, however, that in every case all parties are required to demand the production of each and every document, photograph, and other tangible object during the discovery phase of the litigation. Such a procedure could result in unnecessary shuffling of paper and increase the costs of litigation. However, in this case the record does not reflect *any* attempt by the plaintiff to obtain the repair bills through the discovery process. A similar situation was presented to the court in *Kaster*:

"Nothing has been presented as new evidence discovered since the trial that could not have been obtained before trial by the diligent use of pretrial discovery procedures or even by the use of adequate pretrial investigation. As a protection against false or perjured testimony and as an aid generally in the search for truth in the trial of cases, the legislature and the court have provided broad and liberal avenues of discovery in civil cases. A

litigant may elect to use these tools that have been provided. If instead he chooses to use the trial itself as a pretrial deposition to discover the testimony of a witness, he should not be rewarded with a new trial wherein he may present contradictory evidence discovered after trial which could have been discovered before trial by diligent preparation. It is a primary requisite to the allowance of a motion for a new trial on the grounds of newly discovered evidence that such evidence was not discoverable prior to trial by the exercise of ordinary diligence." *Kaster*, 108 Ill. App. 2d at 293, 247 N.E.2d at 433-34.

In addition, when the bills were not forthcoming pursuant to plaintiff's Rule 237 demand, the record does not reveal that plaintiff did anything to secure their production. Rule 237(b) (134 Ill. 2d R. 237(b)) specifically provides that failure to comply with a request under its provisions enables the aggrieved party to use all sanctions under Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)). These sanctions range from staying the action until the party complies with the request to striking the party's pleadings and entering a default judgment. (134 Ill. 2d R. 219(c); see also *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 430 N.E.2d 580.) We note that this is not a case in which the party had no reason to believe that the documents existed, making it impossible for the party to realize the need for filing a motion pursuant to Rule 219(c). Plaintiff was clearly aware that repairs had been made on the vehicle prior to trial. He stated in his post-trial motion that defendant's answers to interrogatories indicated that the vehicle had been repaired. Insofar as the record before us is concerned, the plaintiff failed to seek relief under Rule 219(c). He simply relied upon the defendant's statements concerning the extent of damage to the vehicle.

In view of all of the foregoing, we conclude that the trial court properly denied his motion for a new trial; therefore, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.