EDWARD W. WALTON, Plaintiff-Appellant, v. BARBARA THROGMOR-TON, as Ex'r of the Instrument Purporting to be the Last Will and Testament of Rosemary G. Walton, Defendant-Appellee.

Fifth District    No. 5—94—0307

Opinion filed June 28, 1995.

Edward Wesley Walton, of Boxborough, Massachusetts, appellant *pro se.*

James L. Karraker, P.C., of Anna, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Plaintiff, Edward W. Walton, appeals from the dismissal with prejudice of his petition to set aside the will of his mother, Rosemary G. Walton.

Walton filed a timely petition to set aside his mother's will, claiming that his sister, the defendant and executor of that will, had unduly influenced their mother in the preparation of her will. Defendant filed a motion to dismiss alleging that the petition to set aside the will was defective. The motion to dismiss was denied on February 23, 1993, after Walton amended his petition with leave of court. In May 1993 this cause was set for bench trial September 3, 1993, but was continued on the court's motion and reset for November 5, 1993. Twenty-one days prior to the November 5, 1993, trial, Walton's first

attorney of record, Sheila Simon, was allowed to withdraw. The case was reset to February 3, 1994, on a motion by Simon. At a status hearing on December 3, 1993, Walton's second attorney, James Hopkins, entered his appearance. On January 31, 1994, Hopkins was allowed to withdraw as Walton's counsel, but the trial court refused at this time to continue the bench trial that was set for February 3, 1994. Walton objected to that refusal in a letter to the court, claiming a violation of Supreme Court Rule 13(c). 134 Ill. 2d R. 13(c).

On February 3, 1994, the date of trial, Walton's third counsel of record, Patrick Hewson, entered his appearance and requested a continuance, citing inadequate amount of time to prepare. The continuance was granted over defendant's objection. The court ordered Walton to pay the costs of trial preparation through January 31, 1994. Also at this hearing, the court ordered all discovery to be completed by February 23; 1994, and then reset the trial to March 24, 1994.

Hewson moved to withdraw on February 22, 1994. This was Walton's third attorney to move to withdraw within a period of 4 months and 10 days. Walton had been represented by counsel at all the hearings and on all trial dates, although he had never personally appeared in court. On February 23, 1994, the date by which discovery was to be completed, defendant served Walton with a notice to appear, pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237), compelling Walton:

> "to appear before the Circuit Court of Union County on February 25, 1994, at 10:00 a.m., and to produce the following documents:
>
> 1. Evidence of attorney's fees paid to all prior counsel, including but not limited to Sheila Simon, James Hopkins, Herbert McMeen, and Patrick Hewson."

At the February 25, 1994, hearing on Hewson's motion to withdraw, Walton did not appear and discovery remained incomplete, in that depositions of the defendant and defense counsel's secretary had not been taken. During the withdrawal hearing, Hewson advised the court that he was not given authority to conduct discovery or otherwise engage in any activity beyond securing the continuance granted on February 3, 1994.

There is no transcript of any proceeding of record except the February 25, 1994, hearing on Hewson's motion to withdraw. During this hearing, the court dismissed Walton's cause of action, stating:

> "THE COURT: I am more concerned about the discovery deadline that I set for February 23rd which was an integral part of the continuance ***. I want there to be no question when and if this matter is reviewed as to the context of the decision to allow the Motion to Continue at that time. I specifically found at that

time that the Motion to Continue should be granted; not because of any violation of discovery rules by the other side, but simply to insure that there would be one last change [*sic*] for a hearing on this matter on the merits, and to assess costs to be paid by the Plaintiff, because I did not think that there was any good reason for the matter to be continued at that time other than one last chance to try to get this matter heard on the merits. And I specifically ruled at that time that discovery was ordered to be completed by February the 23rd. Now, what I am hearing here today is that discovery is not completed. Is that fair?

MR. HEWSON: That is correct, Your Honor.

THE COURT: And the reason that the discovery has not been completed is because in your client's opinion you were retained solely to obtain a continuance as opposed to any other function in this case. Is that correct?

MR. HEWSON: That is essentially correct, Your Honor.

THE COURT: During your entire representation of your client he has said to you that you, quote, have no authority to conduct discovery or otherwise engage in any activity beyond the continuance, close quote, as cited in his Consent to Withdraw?

MR. HEWSON: That is, I think, in essence correct? [*sic*] ***

THE COURT: Mr. Hewson, I am going to grant your motion to withdraw, sir. You are out of this case as attorney for Mr. Walton, and in fact, you may leave if you wish.

MR. HEWSON: I don't know if the Court would like me ... I feel I have to under Supreme Court Rule ... notice of the ....

THE COURT: Do whatever you think appropriate, sir.

MR. HEWSON: Thank you, Your Honor.

THE COURT: Mr. Karraker [defense attorney], are you wishing to preserve your rights to sanctions for failure to comply with discovery?

MR. KARRAKER: Yes, Your Honor, I am.

THE COURT: I am dismissing this case, and I am making several findings. First of all, the initial Motion to Dismiss that was filed by Mr. Karraker, was heard by me, and to say I gave the gray area to Mr. Walton would be an understatement, because I have a great desire, like all Judges and like most people, to have cases heard on the merits as opposed to any technical defect with respect to where a case is filed or the allegations within the case; but it is clear to me that this is a vexatious frivolous action that is being pursued without any desire to get to the merits on the part of Mr. Walton. So, for many reasons; one, the Plaintiff or Mr. Karraker is requesting as a discovery sanction .... *** As a sanction for failure to comply with discovery action the Court ... or discovery orders ... the Court finds ample grounds for dismissal as

a discovery sanction. Secondly, because these actions are bound by the Rules of Civil Procedure the Court finds ample grounds to dismiss this for want of prosecution on the part of Mr. Walton. The Court finds that Mr. Walton's actions with respect to the Motion to Continue, which was granted by the Court on February 3rd, 1994, amounts to a complete misrepresentation of fact to the Court, which could in and of itself arise to contempt of Court, for the reason that an attorney appeared in this action ostensively [*sic*] to take on duties and comply with discovery and had that purpose thwarted by Mr. Walton himself, who refuses to cooperate with discovery and, in effect, misrepresented a willingness to comply with the Court's orders on February 3rd, which were an integral part of the Motion to Continue being granted."

It is evident from the transcript that the trial judge's intent was to dismiss for reasons of discovery sanctions even though the order also characterized this cause as a "vexatious frivolous action" and stated that there were "ample grounds to dismiss this case for want of prosecution on the part of the Plaintiff."

■ A trial court should dismiss an action only if it is apparent that no set of facts can be proven that will allow plaintiff to recover. (*Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 52, 583 N.E.2d 561, 563.) A reviewing court must determine whether the allegations in the complaint, when read most favorably to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*Munizza*, 222 Ill. App. 3d at 52, 583 N.E.2d at 563.) This reviewing court does not have the benefit of transcripts from the motion to dismiss hearing held February 23, 1993, but the record is clear that the trial court denied defendant's motion to dismiss. Furthermore, there is no evidence of record and no claim made that Walton or any of his attorneys signed any pleading for any improper purpose. (134 Ill. 2d R. 137.) Therefore, the trial court had no basis from which to determine that this was a vexatious or frivolous action.

■ Section 13—217 of the Code of Civil Procedure permits a case to be dismissed for want of prosecution but does not allow a dismissal for want of prosecution to be with prejudice. "In the actions specified in *** this Act *** where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." 735 ILCS 5/13—217 (West 1992).

"[A] dismissal for want of prosecution does not prejudice plaintiffs' case nor bar a subsequent suit on the same issues. [Citation.] Since a dismissal *with prejudice* 'denotes an adjudication on the merits and is *res judicata*,' a dismissal for want of prosecution, by its nature, is *without prejudice*. [Citations.] Therefore, a trial judge does not have the authority to dismiss a case for want of prosecution with prejudice because, if he had that power, a 'right specifically conferred [by section 13—217] would be defeated.' [Citation.]

Supreme Court Rule 219(c)(v) (134 Ill. 2d R. 219(c)(v)), however, gives the trial judge the power to dismiss an action with prejudice for refusal to comply with rules or orders relating to discovery or pretrial conferences. (134 Ill. 2d Rules 201 through 218.)" (Emphasis in original.) *Farrar v. Jacobazzi* (1993), 245 Ill. App. 3d 26, 32, 614 N.E.2d 259, 263.

■ The record reflects that the trial court dismissed this case as a discovery sanction against Walton. The trial judge stated that there were ample grounds for dismissal as a discovery sanction, although defendant did not argue for discovery sanctions and made no motion to preserve discovery sanctions. Instead, defendant only responded affirmatively when the court asked if he wished to preserve the right to sanctions for failure to comply with discovery. We find no specific instance of discovery abuse that merits dismissal as a discovery sanction against Walton.

To dismiss a cause of action as a discovery sanction, the trial court must indicate, with some specificity, grounds to support its actions. (*Martinez v. Pfizer Laboratories Division* (1991), 216 Ill. App. 3d 360, 576 N.E.2d 311.) We can find nothing in the record to support the trial court's indication that discovery was thwarted by Walton. The single reference to discovery uncompleted prior to the February 23, 1994, deadline was the reference to depositions of the defendant and defense counsel's secretary. These depositions were requested by Walton, and we see no prejudice against defendant by these depositions not being taken. Therefore, the failure to complete this discovery is not proper grounds for dismissal.

We do acknowledge Walton's failure to appear at the withdrawal hearing on February 25, 1994, but a dismissal based on his failure to appear at that time is not proper. The sole purpose for the February 25 hearing was to consider Hewson's motion to withdraw. That motion was granted a full month prior to the trial date of March 25, 1994. It was inappropriate to require Walton to appear at the February 25, 1994, hearing under Supreme Court Rule 237(b). ·

"The appearance *at the trial* of a party *** may be required by serving the party with a notice designating the person who is required to appear. The notice also may require the production *at*

*the trial* of documents or tangible things. If the party is a nonresident of the county, the court may order any terms and conditions in connection with his appearance *at the trial* that are just, including payment of his reasonable expenses. Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." (Emphasis added.) 134 Ill. 2d R. 237(b).

In *Lannert v. Ramirez* (1991), 214 Ill. App. 3d 1102, 574 N.E.2d 238, this court said: "[W]e are of the opinion that the primary purpose of Rule 237 is to furnish parties with an efficient method of obtaining the production of witnesses and tangible objects at *trial*. (We note that Rule 204(a)(3) (134 Ill. 2d R. 204(a)(3)) furnishes a similar procedure for use during discovery proceedings in a case.) We conclude that it is preferable for parties to utilize the discovery rules during the discovery phase of the litigation and to utilize Rule 237 only for the production of witnesses or tangible objects at trial." (Emphasis in original.) *Lannert*, 214 Ill. App. 3d at 1105, 574 N.E.2d at 240.

In the case at bar, Walton had not failed to comply with a proper Rule 237(b) notice, since it did not compel Walton's appearance for the date of the previously scheduled trial. Thus, there is no basis for a dismissal as a Rule 219(c) sanction. Dismissal might have been an appropriate sanction against Walton if a properly dated notice to appear at trial had been issued and Walton had not appeared, but this is not the case. The trial court errantly dismissed the case before giving Walton an opportunity to appear and prove his case on the date of the trial.

Additionally, there is nothing in the record to indicate that the court notified Walton at any prior hearing that such a strong sanction would be imposed by his failure to appear. Dismissal with prejudice for abuse of the discovery process is the most severe sanction available to the court and is to be employed only as a last resort, and only in those cases where the actions of a party show a deliberate, contumacious, or unwarranted disregard of the court's authority. (See *Heuer Sons Implement Co. v. Dukes* (1989), 183 Ill. App. 3d 56, 58, 538 N.E.2d 1180, 1181.) The facts in this record show a disregard for the court's authority, but without some notice to Walton that a dismissal was imminent, we cannot find that the dismissal was used only as a last resort.

"Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitantly impose sanctions proportionate to the circumstances." (*Buehler v. Whalen* (1977), 70

Ill. 2d 51, 67, 374 N.E.2d 460, 467.) "[T]he purpose of sanctions under Supreme Court Rule 219(c) is to obtain compliance with discovery rules, rather than to dispose of litigation as a form of punishment." (*United Excavating & Wrecking, Inc. v. J.L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101, 105, 356 N.E.2d 1160, 1163.) We recognize, from the record, that the trial court and defense counsel were frustrated by the delays that prevented this cause from moving along in a reasonable manner, but we must not allow personal frustration alone to be the cause for dismissal. Our review of the record leads us to the conclusion that the dismissal of plaintiff's action was disproportionate to the circumstances, inappropriate under Rule 219(c)(v), and, therefore, an abuse of discretion by the trial court.

Reversed and remanded.

MAAG, P.J., and CHAPMAN, J., concur.