MARCELLE VAN DYKE, Plaintiff-Appellee, *v.* GOOD SAMARITAN SHELTERED CARE HOME CORPORATION, Defendant-Appellant.

Third District   No. 75-107

Opinion filed May 14, 1976.

James S. Dixon, of Peoria, for appellant.

Westphal & Benckendorf, of Peoria (Dorothea O'Dean, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal by defendant, Good Samaritan Sheltered Care Home, Inc., is from the judgment of the circuit court of Tazewell County finding in favor of plaintiff, Marcelle Van Dyke, in the sum of $1,217.59. This action was brought by plaintiff to recover monies alleged to have been expended by her on behalf of the corporate defendant.

The plaintiff, Marcelle Van Dyke, was married to David E. Van Dyke until their divorce on September 10, 1973. David Van Dyke was the owner of nearly all the outstanding stock of the Good Samaritan Sheltered Care Home. Plaintiff had been employed for some time by the Home as director of nursing. She testified that shortly after filing for divorce on February 2, 1973, an agreement was entered into between the parties and their attorneys whereby the plaintiff would remain in charge of the Good Samaritan Sheltered Care Home on a temporary basis at $15,000 per year. David Van Dyke testified he did not under any circumstances agree plaintiff was to temporarily operate the Home and that if his attorney made any such suggestions or arrangements it was without his consent or knowledge. He stated neither he nor the board of directors authorized plaintiff to work in any other capacity than director of nursing. In late 1972 there was a fire in the laundry room at the Home resulting in extensive smoke damage. Plaintiff testified David Van Dyke directed her to obtain an estimate for insurance purposes but then informed her he had employees who were not busy and could do the work. She testified David Van Dyke caused two employees, Shane and Dence, to proceed with the painting and wallpapering of walls near the front entrance that incurred smoke damage. According to the plaintiff's testimony she was directed by David Van Dyke and his agent, Shiree Vaughn, to purchase supplies for such work at Sherwin Williams. From her personal checking account plaintiff paid part of the salaries of Shane and Dence, and an advance on salary to a Bonnie Matthews. Plaintiff testified that between February 3, 1973, and February 26, 1973, when she was forcibly removed by court order as director of the Home, she maintained an escrow account for the operation of the business of the Home but did not repay herself from such account since she expected to be reimbursed from the insurance monies received by David Van Dyke as the result of the loss. At the close of the evidence the trial court sitting without a jury found the issues in favor of the plaintiff.

On this appeal two issues are raised. First, according to the argument of defendant, the trial court's judgment is erroneous because it is not supported by sufficient evidence. Defendant's argument is based principally on the contention the plaintiff failed to prove the expenditures

for which she sought reimbursement were authorized by the defendant corporation. Second, defendant argues the court erred in failing to grant its motion for a new trial on the basis of newly discovered evidence.

Defendant argues the burden of proving the authority of an officer or agent to bind the corporation by his act or conduct rests in the first instance on the person seeking to hold the corporation liable, especially where the conduct is of unusual or extraordinary nature. (*Waterman v. Chicago and Iowa R.R. Co.*, 139 Ill. 658, 29 N.E. 689.) According to the defendant the evidence is insufficient to show that plaintiff sustained her burden of proof.

■■ We have no quarrel with defendant's insistence that for plaintiff to recover she must allege and prove authorization, either express or implied, to make such expenditures. However, from a review of the record and as shown by the recital of facts in the foregoing paragraphs, we believe the issue of authorization was a question of fact to be resolved by the trier of fact. (*Croft v. Lamkin*, 112 Ill. App. 2d 321, 251 N.E.2d 88.) With respect to the issue of authorization the testimony of the plaintiff is contradicted on many material points by the testimony of David Van Dyke, the principal witness for the defendant. There is little dispute on several issues which tend to support the plaintiff's testimony and offer additional support for the trial court's conclusion. Tte evidence indicates the expenditures were made from the plaintiff's personal funds, that the materials and labor for which the funds were expended were used in the Home, that the costs were reasonable, and finally, that the plaintiff received no personal benefit from the expenditures so made. In addition the trial court could also take into account the acrimonious state between the parties and its effect on the credibility of their testimony. There is ample evidence to support the judgment of the trial court and we find no reason for disturbing the judgment.

■■ Proceeding to the next assignment of error we believe the trial court acted properly in denying defendant's motion for a new trial. To warrant a new trial on the basis of newly discovered evidence the evidence in question must be so conclusive that it will probably change the result if a new trial is granted and it must be such as could not have been discovered before trial by the exercise of due diligence. *Powers v. Browning*, 2 Ill. App. 2d 479, 119 N.E.2d 795; *Kaster v. Wildermuth*, 108 Ill. App. 2d 288, 247 N.E.2d 431.

Defendant's motion for a new trial was accompanied by an affidavit of John Shane, one of the persons who did part of the work on the home. Shane's affidavit contradicts the plaintiff's testimony in some respects. The contradictions involve the location of some of the work done and of some of the preliminary events which took place prior to the work. However,

the affidavit does indicate that the affiant did perform the work, and did receive payment from the plaintiff personally. Furthermore, it does not raise any question concerning the reasonableness of the charges.

In testing the sufficiency of the affidavit in accord with the applicable criteria we do not believe a new trial is justified. Initially we note that neither the affidavit nor motion demonstrate any substantial reasons indicating defendant exercised due diligence regarding the testimony of the affiant. Most importantly, the allegations in the affidavit while tending to impeach the testimony of the plaintiff to some extent are not of such a significant character that a different result would have ensued had such allegations been considered earlier. Viewing the affidavit as a whole in relation to the testimony offered at trial we agree it is insufficient to justify the granting of a new trial and consequently find no error in the decision of the trial court.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.