ANTHONY HALKA *et al.*, Plaintiffs-Appellees, *v.* JEANNE ZUPAN, Indiv. and d/b/a Jeanne's Log Cabin Inn, Defendant-Appellant.

First District (1st Division)   No. 77-1866

Opinion filed January 22, 1979.

Steven M. Levin, of Ackerman, Durkin and Egan, of Chicago, for appellants.

Carl J. Cipolla, of Baskin, Server and Berke, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs Anthony and Barbara Halka filed a dramshop action against defendant Jeanne Zupan. The suit was for injuries sustained by Anthony when one of defendant's intoxicated patrons allegedly struck him in the head with a pool cue.

The jury returned a verdict in plaintiffs' favor and awarded Anthony $60,800 in damages. (This amount was later reduced to $15,000 by the trial judge.) Barbara Halka was awarded $8,600 for loss of support. Defendant's post-trial motion alleging perjury was denied and defendant appealed.

On appeal defendant argues (1) that she was deprived of a fair trial due to the effect of prejudicial remarks either made or elicited by plaintiffs' counsel; (2) that the trial court erroneously denied defendant's post-trial motion for a hearing on the issue of perjured testimony; and (3) that the judge's award to Barbara Halka for loss of support was duplicitous.

We affirm in part, reverse in part, and remand.

Plaintiff Anthony Halka testified that at 8 p.m. on September 6, 1972, he drove to defendant's tavern on his motorcycle. He stated that while there, he had four beers. At approximately 11:20 p.m., he observed someone "messing" with his motorcycle and went outside to investigate.

When the person sitting on his motorcycle refused to get off, a scuffle ensued. Someone yelled "fight" and a short man, later identified as Gary Shaw, ran out of the tavern and struck Anthony Halka in the head with a pool cue.

Anthony Halka's testimony was corroborated by Willis Grim who testified that he was at defendant's tavern on the night in question. He arrived at 9:30 p.m. and sat with Mr. Halka, while each drank a couple of beers. He stated that Shaw entered the tavern at 9:45 p.m. with a group of men. Shaw appeared sober and sat down three seats away from Grim. Grim testified that in the next 15 minutes, he observed Shaw drink five or six whiskey and beers and also bite a glass in half. Grim then went across the street to another tavern where he sat outside and later observed the attack on Halka.

As a result of the injury to his head, Anthony Halka incurred medical expenses and was unable to work. Subsequently, he and his wife filed the instant dramshop action against defendant Jeanne Zupan as the owner of the tavern where the incident took place. The jury subsequently returned a verdict in plaintiffs' favor. Anthony Halka was awarded $60,800 in damages, though that amount was later reduced by the trial judge to $15,000. Barbara Halka was awarded $8,600 for loss of support. In a post-trial motion, defendant alleged that Barbara Halka and Willis Grim committed perjury. Defendant requested a hearing on the issue. The motion was denied and defendant appealed.

The first issue we must resolve is whether this appeal should be dismissed. Plaintiffs argue that defendant did not file the report of proceedings and the record on appeal within the time limits prescribed by Supreme Court Rules 323 and 326. Ill. Rev. Stat. 1977, ch. 110A, pars. 323, 326.

■■ Our review of the record reveals that although it was not filed within 63 days of the filing of the notice of appeal as required by Supreme Court Rule 326, it was filed well within the 35-day extension provision of that rule. The facts further reveal that defendant's motion for an extension of time for the filing of the record on appeal included lengthy affidavits showing a reasonable excuse for the failure to file earlier. Accordingly, the record was properly filed.

■■■ As to the filing of the report of proceedings, it clearly was not filed within the required time. This fact alone, however, is insufficient to preclude this court's jurisdiction over the appeal. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 367 N.E.2d 678.) Further, much of the delay was caused by plaintiffs' refusal to stipulate to the accuracy of the transcript. Plaintiffs cannot now rely on a delay for which they were primarily responsible.

Having decided that defendant's appeal is properly before this court, we now consider defendant's contentions.

On appeal, defendant first argues that she was denied a fair trial due to the effect of improper, prejudicial remarks either made or elicited by plaintiffs' counsel during the examination of witnesses and during closing argument.

During the cross-examination of one of defendant's witnesses, plaintiffs' counsel inquired whether Gary Shaw was a big drinker. The witness answered in the affirmative and defense counsel immediately objected. On appeal, defendant argues that this evidence was not only irrelevant, but also highly prejudicial in that it allowed the jury to infer that Shaw was probably drunk and further that he was a "bad character." Defendant further cites as prejudicial, plaintiffs' counsel's statement during closing argument that Gary Shaw "was a bad character" who "drank like a fish" and "eats glasses." In addition to these statements which defendant alleges are prejudicial mistatements of the evidence, she also notes plaintiffs' counsel's comments during closing argument that defendant failed to testify.

■■ It is true that testimony concerning Gary Shaw's reputation as a big drinker was clearly irrelevant and therefore inadmissible. The trial judge properly sustained defense counsel's objection. Plaintiffs' counsel's statement during closing argument that Shaw "drank like a fish" and "was a bad character" was therefore improper but because defendant did not object, the issue cannot be raised on appeal. (*Department of Conservation v. Aspegren Financial Corp.* (1977), 47 Ill. App. 3d 118, 361 N.E.2d 635.) Likewise, plaintiffs' counsel's references to defendant's failure to testify are also not before this court since no objections were made during trial. Though we have held that assignments of error may be considered on appeal where no objections were raised during trial (*Schwedler v. Galvan* (1977), 46 Ill. App. 3d 630, 360 N.E.2d 1324), the errors must cause a *serious* deterioration of the judicial process. No such deterioration occurred here and therefore *Schwedler* is not applicable.

Defendant also cites as improper and highly prejudicial, statements made by Barbara Halka as a rebuttal witness. Mrs. Halka testified that Willis Grim was the first to inform her of the assault on her husband and that "this young man Gary Shaw had been drinking." Defense counsel immediately objected and the objection was sustained. Mrs. Halka further testified that she spoke to Officer Krall "after they arrested Gary Shaw." Again an objection by defense counsel was sustained. On appeal, defendant argues that this testimony too, was impermissibly prejudicial in that it allowed the jury to infer again that Gary Shaw was drunk and that he must have assaulted Anthony Halka since he was later arrested. Defendant cites *Giles v. Kuennen* (1964), 50 Ill. App. 2d 389, 200 N.E.2d 143, for the proposition that a reversal in a civil case is justified where the jury hears evidence as to whether the defendant was arrested.

In *Giles*, the plaintiff was a six-year-old child who was struck by an automobile. Noting that the law "jealousy guards" the rights of infants, the court cited numerous prejudicial errors which served to deny the plaintiff a fair trial. Testimony presented to the jury that the defendant was not arrested was only one of these errors.

■ In the instant case, the jury was instructed to disregard the testimony concerning whether Gary Shaw was arrested. Because this case does not involve an infant defendant or the numerous errors found in *Giles*, we believe the instruction was sufficient to protect the defendant from improper jury influence. Further, the testimony concerning Gary Shaw's arrest was unsolicited by plaintiffs' attorney, thus defeating defendant's argument that plaintiffs' counsel intentionally exposed the jury to improper evidence.

Defendant next argues that the trial court erred in denying her post-trial motion for a hearing on the issue of whether Barbara Halka and Willis Grim committed perjury. As part of her post-trial motion defendant included sworn statements from two witnesses who stated that they were in defendant's tavern on the night of September 6, 1972. They stated that they were at defendant's tavern and that they did not see Willis Grim. The trial judge refused defendant's request for a hearing on this issue, even though defendant argued that the witnesses were unavailable at trial because they were vacationing in Wisconsin. We agree with the trial judge's order.

■■ Applications for a new trial on the ground of newly discovered evidence are not looked upon with favor and are subject to close scrutiny. (*Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 293 N.E.2d 738.) To warrant a new trial, the new evidence must be so conclusive that it would most likely change the outcome if a new trial is granted and further, the evidence was not discoverable before trial by the exercise of due diligence. (*Van Dyke v. Good Samaritan Sheltered Care Home Corp.* (1976), 38 Ill. App. 3d 187, 347 N.E.2d 239.) Because the affiants are employees of defendant, it is difficult for us to see how defendant could not have discovered this evidence if due diligence were exercised. Further, the substance of their testimony is that they did not recall seeing Willis Grim on the night in question. The trier of fact could have concluded that Grim was present, but the witnesses failed to see him. Thus, it is unlikely that the admission of this "newly" discovered evidence would have produced a different verdict.

Defendant also argued in her post-trial motion that Barbara Halka was not being supported by Anthony Halka at the time of the incident and that they were separated. Thus, defendant argued, Barbara Halka committed perjury when she testified that she and Anthony were happily married. Since we are reversing and remanding this cause on the issue of

Barbara Halka's damages, we find it unnecessary to address this issue since it is more properly raised in the hearing on remand.

Finally, defendant argues that the award of damages of $15,000 to Anthony Halka and $8,600 to Barbara Halka is duplicitous. We agree.

After closing arguments were presented the trial court instructed the jury as follows:

"In the event that you find that any plaintiffs are entitled to recover you will assess the damages of each separately and return a verdict in a separate amount for each.

❉ ❉ ❉

If you decide for the plaintiff, ANTHONY HALKA, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have been caused by the intoxicated person:

The nature, extent and duration of the injury.

The disability and disfigurement resulting from the injury.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The reasonable expense of necessary medical care, treatment and services received.

The value of salaries lost.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

❉ ❉ ❉

If you decide for the plaintiff on the question of liability, you must then fix the total amount of money which will reasonably and fairly compensate the person you find has suffered loss to her means of support for such loss.

❉ ❉ ❉

The phrase, 'means of support' includes the necessities of life, and comforts as well. Whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, considering his occupation and capacity for earning money, may be regarded as lessening or impairing the 'means of support' referred to in these instructions."

At the conclusion of the trial, the jury awarded $60,800 in damages for Anthony Halka and $8,600 in damages for Barbara Halka. Pursuant to section 14 of article VI of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135), the trial court reduced Anthony Halka's recovery to $15,000.

■ In *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567, a dramshop case similar to the one at present, we reviewed identical jury instructions. We found the jury instructions potentially misleading for the

jury since loss of income for the plaintiff husband was an element of damages in the actions of both the husband and plaintiff wife. Consequently, we found the instructions defective since the jury may have been misled into awarding damages twice for the same injury, contrary to law. Accordingly, we find *Shiflett* controlling in the instant case since the identical jury instructions were used, even though defendant never objected to the instructions during trial. As noted in *Shiflett*, it is well settled that though there may be available to plaintiffs multiple remedies and actions, it is axiomatic that for one injury there may be but one satisfaction. 105 Ill. 2d 382, 389.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed on the issue of liability and Anthony Halka's award of $15,000; Barbara Halka's recovery of $8,600 in damages is reversed and remanded for further proceedings.

Judgment affirmed in part, reversed in part; cause remanded.

O'CONNOR and BUCKLEY*, JJ., concur.

---

* Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.