SILBER MIXER, d/b/a Mixer Lumber Company, Plaintiff-Appellant, *v*. C. E. BILLINGSLEY *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0159

Opinion filed November 8, 1982.

Edward B. Tucker, of Tucker & Hollahan, of Mt. Sterling, for appellant.

Robert A. Jones, of Rushville, for appellees.

JUSTICE LONDRIGAN delivered the opinion of the court:

Plaintiff appeals from the trial court's entry of judgment in favor of defendant in plaintiff's action to foreclose a mechanics' lien.

Ebbert and Billingsley entered into an oral contract for the construction of a barn on Ebbert's property. Ebbert agreed to make a down payment of $3,000 and to pay the balance due under the terms of the contract upon the successful completion of the work. Plaintiff supplied lumber and other materials to Billingsley for use in the construction of the barn.

Billingsley failed to pay plaintiff for the materials and plaintiff

brought an action to foreclose a mechanics' lien on Ebbert's property.

Billingsley testified that the contract price for the construction of the barn was approximately $6,000. He purchased the materials used in the job almost exclusively from plaintiff's lumberyard, and he identified several invoices and worksheets relating to the Ebbert job.

Ebbert testified that he had paid Billingsley in full for labor and materials expended in the construction of Ebbert's barn. Billingsley began work on June 14, 1976. Plaintiff made two deliveries of material to Ebbert's property, one on June 14, and the second delivery on June 16.

Timothy Lung testified that he was employed as sales manager at Mixer Lumber from 1973 to 1980. He identified several invoices showing sales of material to Billingsley for use in the construction of Ebbert's barn. Lung indicated that he wrote a sales ticket involving the Ebbert-Billingsley project on June 25, 1976. Lung admitted on cross-examination, however, that he did not know if the material sold to Billingsley on that date was ever delivered to the Ebbert farm.

Ebbert returned to the stand and stated that he was present on June 14 and 16, when both deliveries were made. He identified a check dated June 14, 1976, drawn on his account and payable to the order of C. E. Billingsley, that constituted the first payment on the contract. The work was completed on June 24, 1976. Ebbert identified a check dated June 24, 1976, which he delivered to Billingsley in full payment of the remaining amount due under the contract.

The trial court found that the contract between Bilingsley and Ebbert was completed on June 24, 1976. Plaintiff failed to show that a contract existed between Billingsley and Ebbert on June 25, 1976, the date on which materials were allegedly furnished to Billingsley. The weight of the evidence indicated that the contract between Mixer Lumber and Billingsley was completed on June 16, 1976.

The trial court held that, as a matter of law, the "contract" referred to in section 9 of the Mechanics' Lien Act (Ill. Rev. Stat. 1979, ch. 82, par. 9) refers herein to the contract between the contractor and the subcontractor and that the plaintiff subcontractor completed its contract with Billingsley, the contractor, on June 16, 1976. Since the complaint to enforce the lien was filed on June 22, 1978, more than two years after the date of the completion of the Billingsley-Mixer contract, the suit was barred by the limitation period contained in section 9.

Plaintiff raises two issues on appeal: (1) whether the trial court erred in finding plaintiff's mechanics' lien was barred by the statute of limitations, and (2) whether the trial court erred in denying plain-

tiff's motion for post-trial relief.

Section 9 of the Mechanics' Lien Act (Ill. Rev. Stat. 1979, ch. 82, par. 9) provides:

"If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien ***. *** Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, or completion of the extra or additional work or furnishing of extra or additional material thereunder."

■ Rights created by the Mechanics' Lien Act are in derogation of the common law and are to be strictly construed. (*M. L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 393 N.E.2d 663; *Muehlfelt v. Vlcek* (1969), 112 Ill. App. 2d 190, 250 N.E.2d 14.) Strict compliance with the provisions of the Act upon which the right to a lien is based is necessary. (*Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 273 N.E.2d 654; *Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 224 N.E.2d 602.) Compliance with the two-year limitation period set forth in section 9 is a condition precedent to the relief available under the Act. Failure to file suit within the two-year period destroys the right of a party to a lien. *Rochelle Building Co. v. Oak Park Trust & Savings Bank* (1970), 121 Ill. App. 2d 274, 257 N.E.2d 542.

*Rochelle Building Co.* supports defendant's contention that the two-year limitation period contained in section 9 begins to run upon the date of the completion of the contract between the contractor and the subcontractor. *Rochelle Building Co.* involved an action brought to foreclose a mechanics' lien. DiVito was a subcontractor involved in the construction of an apartment building. DiVito's work was completed in March 1965, but he was not paid. In December 1965, another subcontractor who had not been paid brought an action to foreclose his mechanics' lien. DiVito was named as a defendant in that action. In April 1967, DiVito filed his answer and filed a counterclaim to foreclose his mechanics' lien. The trial court dismissed DiVito's counterclaim as untimely under section 9 of the Mechanics' Lien Act (Ill. Rev. Stat. 1965, ch. 82, par. 9).

■ The appellate court affirmed the judgment of the trial court, holding that DiVito's failure to file his counterclaim within two years after the completion of his contract to furnish labor and materials barred the assertion of his right to a mechanics' lien. The court stated:

"In the present case DiVito also failed to take proper steps

to assert his rights within the statutory period. He failed to file his own suit or an answer or counterclaim in Rochelle's suit until more than two years after completion of his contract. By inaction he lost the right to a mechanic's lien, and his counterclaim was properly dismissed." 121 Ill. App. 2d 274, 279, 257 N.E.2d 542, 544.

In the present case, the trial court found that plaintiff's contract with Billingsley for the furnishing of materials to be used on the Ebbert job was completed on June 16, 1976. This finding is supported by the weight of the evidence. Plaintiff did not file his action to foreclose his mechanics' lien until June 22, 1978, more than two years after the completion of his contract. Therefore, plaintiff's action to enforce his lien was barred by section 9.

Plaintiff also contends that the trial court erred in denying his motion for post-trial relief. In his motion, plaintiff alleged that he had discovered new evidence that would have produced a different verdict at trial. The parties stipulated that, if witnesses were called, they would testify that Huey Lumber Company, located in Arenzville, sold a door of the type used in Ebbert's barn on June 30, 1976, and that this door was the only one of its type sold during that period. The trial court denied the motion, holding that plaintiff had failed to show that the evidence could not have been discovered before trial through the use of reasonable diligence and that the evidence offered would not have changed the verdict in the case.

■ The trial court correctly denied plaintiff's motion for post-trial relief. Requests for a new trial on the basis of newly discovered evidence are not favored. (28 Ill. L. & Prac. *New Trial* sec. 41 (1957).) The evidence must be of a nature such that the evidence would probably change the outcome of a new trial. (*Miller v. Knight* (1980), 81 Ill. App. 3d 292, 401 N.E.2d 314; *Halka v. Zupan* (1979), 68 Ill. App. 3d 616, 386 N.E.2d 439.) Also, the evidence must not have been discoverable through the exercise of reasonable diligence before trial. (*Kaster v. Wildermuth* (1969), 108 Ill. App. 2d 288, 247 N.E.2d 431.) The evidence in question met neither of these requirements.

The judgment of the circuit court of Schuyler County is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.