THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUTHER JONES, Defendant-Appellant.

Third District   No. 3—00—0634

Opinion filed June 14, 2001.

Luther Jones, of Jacksonville, appellant *pro se.*

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Luther Jones, was convicted of possession with the intent to distribute cocaine. Ill. Rev. Stat. 1983, ch. 56 1/2, par. 1401(b)(2). His conviction and sentence were affirmed on direct appeal. *People v. Jones*, 215 Ill. App. 3d 652, 575 N.E.2d 561 (1991). The defendant filed a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) alleging that his conviction should be overturned because his attorney was ineffective and he was not proven guilty beyond a reasonable doubt because of a break in the chain of custody of the evidence. The circuit court dismissed his petition. We affirm.

This case has a long and litigious history. The defendant was convicted in 1989 of possession with the intent to deliver less than 15 grams of cocaine. At his bench trial, the State's evidence included a bag of 49 individually wrapped packets of cocaine. A police officer testified that he saw the defendant drop these packets while he was pursuing the defendant. The State also presented evidence that when the defendant was processed for intake into the county jail, he had $1,000.06 on his person. The money was not available as evidence at trial.

The defendant attempted to take the stand, but he refused to either swear or affirm that his testimony would be truthful. After a recess and a discussion with his counsel, the defendant did not testify. In closing, defense counsel argued that it was not reasonable to infer that the money found on the defendant when he was arrested was drug proceeds. The defendant was convicted of possession with the intent to distribute cocaine. He was sentenced to an extended term of 30 years' imprisonment based on his lengthy criminal record.

In his direct appeal, the defendant alleged that (1) the State did not present sufficient evidence that he possessed or intended to deliver cocaine; (2) his speedy trial rights were violated; and (3) the trial court erroneously denied his pretrial motion to quash his arrest. His conviction was affirmed. *Jones*, 215 Ill. App. 3d 652, 575 N.E.2d 561.

In May 1996, the defendant filed a "Petition for Post Judgement

Relief" under section 2—1401 of the Code of Civil Procedure. The petition alleged that the circuit court lacked jurisdiction to sentence the defendant to an extended term because the defendant was not provided notice by the State that it intended to seek an extended term. This petition was dismissed and the defendant appealed. This court affirmed the dismissal. *People v. Jones*, No. 3—96—0877 (1997) (unpublished order under Supreme Court Rule 23).

In April 2000, the defendant filed the instant action under section 2—1401 of the Code of Civil Procedure. He asserted that his trial counsel was ineffective for failing to present evidence that the money was not part of a drug-selling scheme but, rather, was left over from a trip he was ending. He also alleged that he was not proven guilty beyond a reasonable doubt because of a break in the chain of custody involving both the cocaine and the money he possessed. The trial court dismissed this petition, stating that all the matters contained in it had already been decided in previous postconviction petitions. The defendant appeals this dismissal.[1]

■ The denial of a section 2—1401 petition will not be reversed absent an abuse of discretion by the trial court. *Kulikowski v. Larson*, 305 Ill. App. 3d 110, 710 N.E.2d 1275 (1999).

A convicted defendant may file a section 2—1401 petition to present errors of fact, unknown to the petitioner or the court at the time of trial, that would have caused the court to render a different decision. *People v. Mahaffey*, 194 Ill. 2d 154, 742 N.E.2d 251 (2000). Section 2—1401 establishes a process by which a litigant may appeal a judicial order more than 30 days after its entry. 735 ILCS 5/2—1401 (West 1998). However, if more than two years have passed since the entry of the complained-of order, section 2—1401 relief is not available unless the petitioner can show that the delay was caused by a legal disability or duress, or that the basis for relief had been fraudulently concealed from the petitioner. *People v. Caballero*, 179 Ill. 2d 205, 688 N.E.2d 658 (1997).

■ The defendant was convicted in 1989. His conviction and sentence were affirmed on direct appeal in 1991. He has not alleged any fact to show that his failure to file his section 2—1401 petition was caused by a legal disability. Furthermore, both the alleged ineffectiveness of his trial counsel and the facts regarding the chain of custody of the drugs and money were available in the record at trial.

---

[1] In June 2000, the circuit court granted the defendant's motion to dismiss the drug forfeiture action involving the $1,000 that was taken from him when he was arrested. The trial court ordered the Peoria police department to return the defendant's property.

He has presented no evidence that his failure to file a timely section 2—1401 petition was due to the fraudulent concealment of information.

In closing, we note that there is no evidence in the record that the Peoria police department has complied with the circuit court's order to return $1,000 to the defendant. We make no decision in this cause that would prevent the defendant from filing a contempt action against the police department for the return of his money.

The decision of the circuit court of Peoria County is affirmed.

Affirmed.

HOMER, P.J., and McDADE, J., concur.