SIXTH DIVISION
February 9, 2007

No. 1-05-3010

| | | |
|---|---|---|
| NEW HOLY TEMPLE MISSIONARY BAPTIST | ) | Appeal from the |
| CHURCH, an Illinois Not-For-Profit Corporation, | ) | Circuit Court of |
| | ) | Cook County, |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 04 COTD 1708 |
| | ) | |
| DISCOUNT INN, INC.; MARIA PAPPAS, | ) | Honorable |
| County Treasurer and County | ) | Marsha D. Hayes, |
| Collector of Cook County; DAVID ORR, County | ) | Presiding. |
| Clerk of Cook County; JAMES M. HOULIHAN, | ) | |
| Assessor of Cook County, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

New Holy Temple Missionary Baptist Church (the church) appeals the judgment of the circuit court granting respondent Discount Inn, Inc.'s motion to dismiss the church's motion to vacate the circuit court's order granting the respondent's petition for a tax deed for the church's parking lot. Appellees Maria Pappas, David Orr and James Houlihan (taxing officials) were granted leave to become appellants pursuant to Supreme Court Rule 366. 155 Ill. 2d R. 366. We reverse and grant the church's petition to vacate the circuit court's granting of the tax deed to Discount Inn.

The church is a religious organization with a church and parking lot located on South Pulaski in Chicago. The church property consists of two parcels of land, 16-22-407-040-0000, upon which the church building is located; and parcel 16-22-407-041-0000, upon which the subject property, a parking lot, is located. Discount Inn (through an assignment) purchased the

parking lot at a forfeiture tax sale for the delinquent 2001 (1999 second installment and 2000) general real estate taxes and was issued a tax deed in January 2005 to the church's parking lot.

From 1986 through 1998, the parking lot had been listed on the Cook County tax assessment rolls as 100% exempt from taxation. From 1999 through 2003, both parcels, the church and the parking lot, were listed on the Cook County tax assessment rolls; the parcels were no longer exempt. Upon discovering this, the church obtained counsel to correct the assessment rolls to reflect tax exemption.

In 2003 the church filed with the Cook County Board of Review seeking to exempt both parcels. The board recommended exemption. On August 28, 2003, the subject property, the parking lot, was sold at a forfeiture sale of delinquent taxes for the general taxes. The second installment of 1999 and both installments of the year 2000 were included in the forfeiture buy.

The sale of the church parcel was subsequently vacated. But the church did not seek a vacation of the sale of the parking lot taxes. The sale of the taxes for the parking lot was assigned to appellee Discount Inn.

In December 2004 the church filed certificate-of-error applications with the Cook County assessor seeking to correct the tax record to reflect that both parcels were exempt for the years 2000 through 2002. The Cook County assessor approved those applications. In September 2004, the Illinois Department of Revenue issued a decision exempting both parcels from taxation for 2003 and subsequent tax years. The church then filed an injunction suit seeking an exemption for both parcels for the tax years prior to the year 2000. That action remains pending as of this appeal.

No. 1-05-3010

In May 2004 the owner of the taxes filed a notice of tax sale. During the notice-serving period the record owner of the subject property was New Holy Temple M.B. Church, a dissolved Illinois not-for-profit corporation and predecessor of the church. Benny Smothers as agent, director and officer of the predecessor church, the predecessor church, and Marie Smothers, an officer and director of the predecessor church, were all served in a timely manner. A legal notice was published in the Chicago Daily Law Bulletin as well. The period of redemption for the parking lot parcel expired on September 20, 2004. In October 2004 the owner of the taxes filed an application for an order directing the county clerk to issue a tax deed and application with the circuit court.

After a prove-up, the circuit court issued an order directing the County Clerk to issue a tax deed to Discount Inn for the parking lot. On March 23, 2005, the church filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)) seeking to vacate the circuit court's order. Discount Inn filed a motion to dismiss. The circuit court granted Discount Inn's motion to dismiss the church's 2-1401 section petition to vacate. This timely appeal followed.

On appeal, the church argues that the circuit court erred by granting Discount Inn's motion to dismiss, finding that the church lacked standing.

A section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2002)) challenges the legal sufficiency of a complaint based on defects apparent on its face. Marshall v. Burger King Corp., 222 Ill. 2d 422, 429 (2006). In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts and we

3

construe the allegations in the complaint in the light most favorable to the plaintiff. Marshall, 222 Ill. 2d at 429. A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. Canel v. Topinka, 212 Ill. 2d 311, 318 (2004). We review an order granting or denying a section 2-615 motion *de novo*. Marshall, 222 Ill. 2d at 429.

"The doctrine of standing requires that a party have a real interest in the action brought and its outcome." Bridgestone/Firestone, Inc. v. Aldridge, 179 Ill. 2d 141, 147 (1997). In this case the church clearly had a genuine interest in the outcome of its section 2-1401 petition to vacate the tax deed judgment. It previously owned the church parking lot and the granting of the tax deed essentially transferred ownership from the church to Discount Inn. It used both the church and the parking lot at the time it filed its petition to vacate. Therefore, the church had standing.

Discount Inn contends that the church did not have standing because it did not have the capacity to sue as a result of the fact that it was no longer a corporation during the tax years at issue and its five years to sue under section 12.80 of the Business Corporation Act of 1983 (805 ILCS 5/12.80 (West 2004)) had expired when it filed its motion to vacate. Discount Inn explains that the owner of record at the time of the notice serving period was the church's predecessor, New Holy Temple M.B. Church, a dissolved Illinois not-for-profit corporation.

In order to have standing, a plaintiff needs only a real interest in the action and the capacity to sue. York Woods Community Ass'n. v. O'Brien, 353 Ill. App. 3d 293, 297-98 (2004). Both of these requirements were met. First, the church used the parking lot continuously

4

and up until it filed its petition to vacate the judgment. Second, Discount Inn ignores the fact that the church was reinstated under a new name and thus was considered "as if it has not been dissolved." 805 ILCS 105/112.45(d) (West 2004). Even if the church had not registered under a new name, it was an unincorporated association and had the ability to bring a lawsuit in its name. See 735 ILCS 5/2-209.1 (West 2002); York Woods Community Ass'n., 353 Ill. App. 3d at 297-98 . Therefore, Discount Inn's argument fails.

Next, the church and the taxing officials argue that the circuit court erred by finding that the church was not diligent in bringing its motion to vacate. The church also argues that it was diligent in presenting a meritorious defense. Discount Inn contends that the church was not diligent because it was served with notice of the tax deed proceeding in May 2004 and "failed to redeem from the tax sale and did not appear in court to attempt to prevent the issuance of the tax deed."

To prevail on a motion to vacate the movant must establish that it: (1) was diligent in presenting its section 2-1401 petition; (2) was diligent in presenting its defense; and (3) had a meritorious defense. 735 ILCS 5/2-1401 (West 2004); Smith v. Airoom Inc., 114 Ill. 2d 209, 220-21 (1986). Whether a section 2-1401 petition should be granted lies within the sound discretion of the circuit court, depending upon the facts and equities presented. Smith, 114 Ill. 2d at 221. A reviewing court will not disturb the judgment of the circuit court unless the circuit court abused its discretion. Smith, 114 Ill. 2d at 221. "In addressing the element of diligence, courts are primarily concerned with determining whether a party has willfully disregarded the process of the court or is so indifferent to it that he is chargeable with culpable negligence." Klein

v. Steel City National Bank, 212 Ill. App. 3d 629, 638 (1991). Further, "the trial court may relax or excuse the exercise of diligence when necessary to provide relief from an unfair, unjust, or unconscionable judgment." Kulikowski v. Larson, 305 Ill. App. 3d 110, 114 (1999).

In this case, the church presented uncontested evidence that the church's pastor reasonably believed that the church parking lot parcel and the church parcel were both 100% exempt from taxation for 1999 through 2003 when, in fact the parcels were included on the tax rolls as taxable property. Upon discovering that the parcels were on the rolls, the church obtained counsel to correct the assessment records to reflect the exemption. All proper documentation was filed with the Cook County Board of Review which recommended that both parcels be exempted for the tax year 2003 and subsequent years. The church then filed certificates of error applications for the three years prior to the year 2003. The applications were approved. This process was begun 15 months before the issuance of the tax deed order. Thus, the church was in the process of clearing up the tax errors when the tax deed was issued. The fact that the church did not file its section 2-1401 petition to vacate until 2½ months after the tax deed was issued and did not attempt to prevent the tax deed sale is belied by the fact that, during that time, the church was attempting to clear up the tax-exemption problems. Accordingly, we find that the church was sufficiently diligent in bringing its section 2-1401 petition to vacate the tax deed judgment, particularly in light of the harsh result of issuing a tax deed to property that was later declared tax exempt.

The church and the taxing officials also argue that the trial court erred by finding that the church did not have a meritorious defense. They explain that the parking lot was tax exempt

because it was used solely for church purposes. Discount Inn argues that the parking lot was not tax exempt because prior to the tax sale the parking lot had not been declared exempt from taxation.

Under a section 2-1401 petition to vacate, the church did not need to show that its defense would ultimately prevail at trial in order to establish the existence of a meritorious defense. Kulikowski, 305 Ill. App. 3d at 116. However, the church had to present sufficient facts which, if believed by the trier of fact, would defeat Discount Inn's claim. Kulikowski, 305 Ill. App. 3d at 116. Nevertheless, we find that the church did present sufficient evidence to support its claim that it was tax exempt during the years in question.

In its section 2-1401 petition the church alleged the parking lot was exempt from taxation for the years in question under section 22-45 of the Property Tax Code. 35 ILCS 200/22-45 (West 2004). Section 22-45 provides in part:

"Tax deeds issued under Section 22-40 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2-1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings. The grounds for relief under Section 2-1401 shall be limited to:

\*\*\*

(2) proof that the property was exempt from taxation[.]" 35 ILCS 200/22-45 (West 2004).

7

No. 1-05-3010

Courts look to the Illinois Constitution to determine if a parcel is tax exempt for purposes of section 22-45. See In re Ward, 311 Ill. App. 3d 314, 318 (1999). Article IX, section 6, of the Illinois Constitution provides:

"The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, *religious*, cemetery and charitable purposes." (Emphasis added.) Ill. Const. 1970, art. IX, §6.

Courts also look to the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2004)) to determine whether a parcel is tax exempt. See, *e.g*, Swank v. Department of Revenue, 336 Ill. App. 3d 851, 856 (2003). Section 15-40 of the Property Tax Code provides:

"Religious purposes, orphanages, or school and religious purposes.

(a) Property used exclusively for:

(1) religious purposes; * * *

* * *

qualifies for exemption as long as it is not used with a view to profit.

(b) Property that is owned by

(1) churches[.]"

35 ILCS 200/15-40 (West 2004).

The church presented uncontroverted evidence that the parking lot had been used solely and continuously for church purposes and without a view for profit. The fact that Discount Inn's witness testified that the property was not fenced, had no signs and was not improved is of little

8

significance because the property was a parking lot. Moreover, the church had filed for tax exempt status for the parking lot for the tax years in question. Given that the church had been granted tax exempt status for the parking lot for past and subsequent years and was tax exempt under the Illinois Constitution (Ill. Const. 1970, art. IX, §6) and Section 15-40 of the Property Tax Code (35 ILCS 200/15-40 (West 2004)) and had used the parking lot continuously, we believe the church presented a meritorious defense. In fact, the church was subsequently granted tax-exempt status for the parking lot for the years in question. Accordingly, we find that the circuit court erred by granting Discount Inn's motion to dismiss the church's petition to vacate.

Discount Inn cites First Lien Co. v. Markle, 31 Ill. 2d 431 (1964), and La Salle National Bank as Trustee v. Hoffman, 1 Ill. App. 3d 470 (1971), to support its argument. However, both cases are factually distinguishable from the case at bar. In the cases cited by Discount Inn, the parties seeking ownership of the properties did not claim that the properties were exempt from taxation. First Lien Co., 31 Ill. 2d at 437; La Salle National Bank, 1 Ill. App. 3d at 477. In this case, we found that the parking lot was exempt from taxation. Therefore, the cases cited by Discount Inn are not controlling.

We reverse the circuit court's granting of Discount Inn's motion to dismiss and grant the church's motion to vacate the circuit court's judgment granting Discount Inn a tax deed to the church's parking lot pursuant to Supreme Court Rule 366(a)(5). 155 Ill. 2d R. 366(a)(5).

Reversed.

JOSEPH GORDON and McNULTY, JJ., concur.